HORNE *v.* LEWIS *et al.*

1. Under the facts of this case, including the general charge, and in the absence of a special timely request for a fuller charge, the following instruction to the jury was not error: "There is but one question for you to pass on in this case, and that is, whether Mrs. Annie Horne, at the time she took under her brother's will, knew of the existence of the deed; if she did, why she would be estopped; she could not come in and claim under the deed, and your verdict would be one in favor of the defendants."

(*a*) Where one is called upon to make an election between a grant in a deed and a bequest in a will, he is entitled to have actual knowledge of all the facts affecting his choice, and to inquire into and ascertain all the circumstances; and an acceptance of a bequest under a will does not estop a legatee thereunder from asserting his interest under the deed contrary to the will, where such election is made in ignorance of

a material fact contained in the deed, actual knowledge of which is necessary to enable the legatee to make an intelligent choice.

2. The failure to charge as set out in the corresponding division of this opinion was not error.

3. The evidence was insufficient to authorize the verdict, and the court erred in refusing a new trial.

No. 4824. August 14, 1925.

Equitable petition. Before Judge Strange. Bulloch superior court. March 4, 1925.

*A. C. Saffold* and *J. Wade Johnson,* for plaintiff.

*Francis B. Hunter,* for defendants.

HILL, J. Mrs. Annie Horne brought her equitable petition in the superior court of Bulloch County against S. W. Lewis and C. M. Barrington of Bulloch County, and Mrs. Charlotte E. Simmons of Effingham County, for injunction and cancellation of certain deeds, and to have the title to the land in controversy decreed to be in plaintiff, and that she be adjudged the owner thereof. The petition of plaintiff in the court below, who is also the plaintiff in error, alleged in substance that J. J. Simmons died testate, and that under item 1 of his will he devised the land described in the petition to his wife, Charlotte E. Simmons, the language of the item of the will being as follows: "I give to my wife, Charlotte E. Simmons, my homestead place at Stillwell, Georgia, with all the lands, houses, outhouses, and appurtenances thereunto pertaining, together with all my household and kitchen furniture and plantation tools, etc. I also give to my wife all my lands described in a deed executed by my father, Daniel G. Simmons Sr., dated April 2, 1894, containing five acres more or less, and bounded north by lands of Keiffer, east and south by lands of Gnann, and west by lands of Morgan, excepting three acres of the above tract, that I have since deeded to one Wesley Johnson (colored); reference may be had to record on file in clerk's office at Springfield, Georgia." Under item two (2) of said will petitioner was bequeathed the sum of $50 in cash, said item being as follows: "Through the love and affection I have for my sister, Mrs. Annie Horne, I give $50 in money." The 4th item of said will reads as follows: "After all my honest debts and funeral expenses are paid, the residue of my estate, including all my money, notes, bonds, and securities of all kinds, I give to my wife." The will was probated in solemn form; and through plaintiff's igno-

rance, and without any knowledge of the condition or reversionary interest in the land described in the original petition and in item 1 of the will, plaintiff participated in the probate of the will and accepted the bequest of $50 in her favor; and she is advised and believes that the testator, J. J. Simmons, was laboring under the impression that he held the fee-simple title to the land in controversy. The entire estate owned by the testator, other than the $50 bequeathed to plaintiff and a certain watch, was bequeathed to the wife, Charlotte E. Simmons, one of the defendants; and if the bequest which plaintiff received had not been accepted by plaintiff, it would have gone under the law and the will to Mrs. Charlotte E. Simmons; and in order to do equity in the matter plaintiff tenders and pays into court the sum of $50 received under the will, together with interest thereon from the date she received the principal sum, in order that it may be returned to Charlotte E. Simmons, or the estate of J. J. Simmons. Had plaintiff known that she had a reversionary interest and all the interest at that time in the land, she would not have accepted any devise, bequest, or benefit under the will; but the bequest was accepted by her in ignorance of the existence of the terms of the deed, plaintiff remaining in ignorance and without knowledge of any limitations in the deed until a few days prior to the filing of the original petition in this case. Daniel G. Simmons Sr. executed, on February 19, 1894, a warranty deed to James J. Simmons, his son, reciting that, in consideration of the natural love and affection that he bore for his son, "I give, grant, and convey unto the said James J. Simmons, his heirs and assigns, a certain tract or parcel of land, situated and being in the above State and County [Effingham], containing 153 acres," and bounded as described in the deed; "provided, nevertheless, that in the event of the death of the said James J. Simmons, leaving no child or children, then said land, with all appurtenances thereto belonging, to go to and belong to Daniel G. Simmons Jr., his heirs and assigns." This deed was duly proved by the subscribing witnesses, and recorded May 9, 1894, in the clerk's office of Effingham County. Plaintiff also introduced in evidence a deed from Mrs. C. E. Simmons to C. M. Barrington, dated January 14, 1923, to the land in controversy, recorded June 15, 1923; also a deed to secure a debt from C. M. Barrington to S. W. Lewis, dated June 29, 1923, and recorded

June 30, 1923, conveying the land in controversy. It was admitted on the trial of the case that the land was advertised, as set out in the original petition, for sale by S. W. Lewis and sold under power of sale in the deed to secure the debt. James J. Simmons, the brother of plaintiff, died testate on June 21, 1921, leaving a wife, but no children. On the trial a verdict was returned by the jury in favor of the defendants against the plaintiff. A motion for new trial was overruled, and the plaintiff excepted.

1. There are but two special grounds of the motion for new trial. The first is as follows: "Because the court charged the jury as follows: 'There is but one question for you to pass on in this case, and that is whether Mrs. Horne, at the time she took under her brother's will, knew of the existence of the deed; if she did, why she would be estopped; she could not now come in and claim under the deed, and your verdict would be one in favor of the deed.' The court, after charging as above stated, nowhere in his charge did he instruct the jury whether or not the notice that plaintiff must have had of the existence of the deed, under which she claims, must have been actual notice. Neither did the court define to the jury what constituted actual notice. Movant contends that the court's failure to so charge was error: (a) because there was no evidence that the plaintiff had actual notice or knowledge of the existence of the deed in question at the time she took under the will of her brother; (b) because the case as made by the petition and answer, the notice that would have estopped the plaintiff and defeated her recovery would have had to have been actual notice, and the jury should have had actual notice [defined] to them by the court." In addition to the above excerpt the court instructed the jury: "If she, the plaintiff, did not know of the existence of the deed from Daniel G. Simmons Sr. to J. J. Simmons, the fact that she may have taken under the will would not amount to an election to forego her rights under the deed, and estop her from claiming adversely to the will. You look to the testimony in this case and determine what the truth of the case is. If you find from the evidence that Mrs. Horne knew of the existence of this deed, and took under the will with that knowledge, or knowledge of the deed or the existence of it, why she would be estopped and she could not recover, and your verdict would be one for the defendant. On the other hand, if she did not

know of the existence of this deed from her father to her brother, did not know of the terms of that deed at the time she took under the will, why she would not be estopped." We are of the opinion that the charge is not open to the criticism directed against it. The judge charged the jury that if the plaintiff "knew" of the existence of the deed she would be estopped. To "know" is to have knowledge, and means more than mere constructive record notice. The charge as given was equivalent to charging the jury that the plaintiff must have actual knowledge of the existence of the deed. The charge is, however, open to the objection that it is confusing. The charge instructed the jury in more than one place that if Mrs. Horne knew of the "existence" of the deed, and took under the will with that knowledge, she would be estopped and could not recover. He also charged them that if she did not know of the "existence" of this deed from her father to her brother, "did not know of the terms of that deed at the time she took under the will, why she would not be estopped." Under this charge the jury would not know whether Mrs. Horne must have had "knowledge" of the "existence" merely of the deed, or must have had knowledge of the contents of the deed, at the time she took under the will. We are of the opinion that mere knowledge of the *existence* of the deed would not be sufficient; that Mrs. Horne must have had actual knowledge of the *contents* of the deed, that she had valuable rights thereunder when she accepted the bequest under the will, and made an election, before she would be estopped. In 28 R. C. L. 329, § 317, it is said, "A devisee's acceptance of the devise to him does not estop him from asserting his interests contrary to the will, where such acceptance is made in ignorance of a material fact a knowledge of which is necessary to enable him to make an intelligent choice." And see note to the case of Pitman *v.* Ewing, 21 Ann. Cas. 556.

We are also of the opinion that the judge should have instructed the jury as to whether the plaintiff took something substantial under the will, in order to estop her from claiming under the deed. If the plaintiff was entitled to 153 or 143 acres of land under the deed at the time she took the $50 under the will of her brother, the question should have been submitted to the jury as to whether she had actual knowledge of her rights under the deed, and whether, in accepting the $50, it was a substantial benefit

which would estop her, if she had such knowledge of her rights under the deed.

2. The second ground of the motion for new trial complains that the court failed to instruct the jury that the burden of proving notice to the plaintiff was upon the defendant. It is insisted that the failure to so charge was error, because the defendant in his answer alleged and contended that plaintiff had notice and knowledge of the existence of the deed under which she claimed when she took under the will, and that the burden was upon the defendant to prove actual notice to her, and therefore that the court's failure to so charge was error. It will be observed in this connection that the plaintiff amended her original petition and specifically alleged "that your petitioner, through ignorance and without any knowledge of the condition and reversionary interest in the lands described in the first item of said will above mentioned, participated in the probate of said will and accepted the bequest of $50 in her favor, and that she is advised and believes that the testator, James J. Simmons, was laboring under the impression that he held the fee-simple title to said land." The burden was upon the plaintiff of proving the material allegations of her petition as amended, and the lack of knowledge on her part as alleged in her petition was a most material one. She testified: "I had no knowledge of any deed from D. G. Simmons Sr. to J. J. or James J. Simmons, in which he conveyed the land in question, until last July or August a year ago, or that I had any interest in this property." It is true that the defendants' answer averred that by reason of plaintiff's conduct in permitting the land in question to be conveyed to Charlotte E. Simmons by the will of her husband, J. J. Simmons, without protest, and after full knowledge of all the facts, circumstances, and contents of the will, and by permitting the nominated executor to place Mrs. Charlotte E. Simmons in possession thereof, and by plaintiff's acceptance of the legacy given her in the will, and by her laches and failure to make any claim of title or interest in the land from the time of the death of J. J. Simmons up to the filing of this suit, the plaintiff is in morals and good conscience and law estopped from now claiming the land independently of any title other than the will of J. J. Simmons, and is in law bound by the terms of the will, the probate thereof, and all subsequent conveyances. But the defend-

ants on the trial of the case offered no evidence; and, as stated above, the burden was on the plaintiff to substantiate the material allegations of her petition by proving them, which she did.

3. The plaintiff on the trial of the case offered evidence to sustain the allegations of her petition as amended. She testified that she had no knowledge of any deed from Daniel G. Simmons Sr., to J. J. or James J. Simmons, in which he conveyed the land in question, until some time before the suit was brought. She thus carried the burden imposed upon her by law of proving the allegations of her petition. The defendants offered no evidence; and having held that mere record notice of the deed from her father to her brother was not sufficient to estop her as set out in the foregoing division, we are of the opinion that the evidence did not authorize a verdict for the defendants. When the other defendants bought the land in controversy from Mrs. J. J. Simmons, they took with record notice of whatever rights the plaintiff had to the land.

*Judgment reversed. All the Justices concur.*