39781. BRADY v. BRADY et al., Executors.

Decided November 8, 1962—Rehearing denied November 21, 1962.

*Horne & Fort, Eugene Horne,* for plaintiff in error.

*Joseph M. Rogers, John A. Smith,* contra.

BELL, Judge. The question for determination on this appeal arises from an assertion by a widow that she accepted a legacy under her deceased husband's will in lieu of year's support in ignorance of the condition of the estate and of facts material to her interest. The administration of the estate is still within the hands of the executors, and there is no dispute regarding the indispensable fact that no third persons are prejudiced by reliance upon her election. The widow proposes that the amount she received under the legacy be applied as a credit against the larger amount which she will receive under an award of year's support.

*Code* § 31-104 provides that an election by the widow to take a child's part of the realty, in ignorance of the condition of the estate, or of any fact material to her interest, shall not bar her right to dower provided that rights of third persons acting bona fide upon her election shall not be disturbed or prejudiced. The Supreme Court has applied this statute to the relinquishment of the right to claim year's support. "Where a husband makes provision in his will in lieu of a year's support to which his

widow is entitled, the election of the widow to take such provision or to apply for a statutory year's support is governed by the same rules which regulate her election of dower . . . An election by the widow to take a child's part in realty, in ignorance of the condition of the estate or of any fact material to her interest, does not bar her right to dower, unless the rights of third persons, acting bona fide upon her election, are disturbed or prejudiced." *McNair v. Rabun,* 159 Ga. 401 (1), 407, 408 (126 SE 9).

The third persons referred to in the statute do not include legatees under the will. *McNair,* supra. The weight of authority supports these views. See 81 ALR 740, 747.

Furthermore, a devisee's acceptance of a bequest to him will not estop him from asserting his interest contrary to the will if the acceptance is made in ignorance of a material fact, the knowledge of which was necessary to allow him to make an intelligent choice, and where one is called upon to make an election between a grant in a deed and a bequest in a will, he is entitled to have actual knowledge of all the facts affecting the choice. *Horne v. Lewis,* 160 Ga. 824 (1a) (129 SE 95).

The plaintiff contends that she accepted the legacy 31 days after the death of her husband in ignorance of her rights and in ignorance of material facts, particularly as to the condition of the estate and the value of bonds held by the executors belonging to the estate.

One of the executors testified that he "went over" the property of the estate with the claimant, including the insurance and bonds; that he didn't think the claimant ascertained the amount of the bonds; that there were about $20,000 worth of bonds in the estate; that his sister exhibited the bonds to the claimant, but they didn't add up the amount but went through them to see to whom they were payable; that the claimant asked him if she was entitled to year's support, and he replied that he didn't think so according to the will.

The other executor testified that the bonds were not evaluated in the presence of the claimant; that the claimant's name was not on any of the bonds; that up until the time of the acceptance of the legacy the claimant did not ask of the executor ad-

vice relative to rights to apply for dower or year's support; this executor did not give her any such advice; that this executor did not know what the claimant's rights were regarding these items; that she did not know what dower was; it meant nothing to her, and she did not know anything about the claimant's rights to year's support.

The claimant testified that she had been a housewife all her life; that she had no training in business; that a week or so after the will was probated, one of the executors brought her a check for the amount of the legacy; that she asked him if she was entitled to year's support, and he advised her that she was not; that neither executor advised her that she was entitled to year's support; that when she accepted the check, she did not know she could disclaim under the will and ask for year's support; that while she did know the land owned by the deceased had a value of about $50 an acre, she did not know the exact number of acres; that she did not see all of the bonds; and that she did not know whether she could give an opinion as to the fair value of the entire estate.

Under the uncontradicted portions of the evidence, it is clear that the claimant elected to take the legacy under the will both in ignorance of her rights and in ignorance of the full value of the bonds in the estate, and that this election was to her disadvantage. She now seeks to remedy this by applying for a year's support and giving credit on the amount of this claim for the amount of the legacy previously received.

Under the above authorities, the claimant was entitled to apply for year's support in lieu of the legacy previously accepted in ignorance of her rights. Any negligence in not discovering her rights within 30 days of the death of her husband does not bar her right to maintain the present action. The trial court erred in not granting the motion for judgment notwithstanding the verdict.

Since the plaintiff was entitled to the motion for judgment notwithstanding the verdict, it is not necessary to pass upon the question whether the plaintiff was entitled to a new trial.

*Judgment reversed with directions to the court to enter judgment for the plaintiff in accordance with her motion for this relief. Felton, C. J., and Hall, J., concur.*