H. L. Dow et al., Appellants, v. J. M. McVEY, Appellee.

SPECIFIC PERFORMANCE: Contracts Enforceable—Mutuality of
1  Enforcement. He who has disabled himself to perform his part of a contract may not secure specific performance on the part of his adversary. So *held* where one owning a stock of goods sought specific performance of a contract to convey such stock to defendant in exchange for land, it appearing that plaintiff had disabled himself from specifically carrying out his part of the contract (a) by intermingling the stock in question with other goods and ·(b) by later selling said stock to another party.

CONTRACTS: Rescission—Damages. Rescission of a contract is in-
2  consistent with a claim for damages for breach of the contract.

APPEAL AND ERROR: Review—Estoppel—Inconsistent Prayers.
3  If plaintiff makes two inconsistent prayers for relief, he may not complain of that which the court grants to him. So held where plaintiff prayed (a) for the rescission of a contract and (b) for damages, and the court granted a rescission.

EQUITY: Retention of Jurisdiction—Specific Performance—Bad
4  Faith in Bringing Action. A plaintiff who brings his action in equity and then knows or ought to know that, by reason of his own conduct, he is not entitled to the equitable relief prayed for, may not insist, after being denied such equitable relief, that the equity court retain jurisdiction for the assessment of damages.

PRINCIPLE APPLIED: Plaintiff owned a stock of goods and defendant owned a tract of land. They contracted to exchange. The value of the land was agreed upon. The value of the stock was to be determined by taking an invoice. It was contemplated that the stock would invoice more than the agreed value of the land, as defendant agreed to secure the excess. Disagreement arose over the method of invoicing, and the invoice was not finished. Later, plaintiff brought action praying for specific performance, "or, as alternative relief, the rescission of the contract, *and that they have damages.*" But plaintiff, after the disagreement over the invoice, destroyed the identity of the stock by buying new goods and selling old goods, and appropriated the proceeds to his own use. Specific performance was denied. *Held*, the court properly refused to retain the cause for the assessment of damages.

*Appeal from Hamilton District Court.*—Robert M. Wright, Judge.

Friday, March 10, 1916.

The opinion sufficiently states the case.—*Affirmed.*

*D. C. Chase* and *J. E. Burnstedt,* for appellants.

*Wesley Martin,* for appellee.

Weaver, J.—The plaintiff began an action in equity to enforce specific performance of a written contract in which the plaintiffs, being owners of a retail stock of drugs and a lot of store fixtures, and the defendant, being owner of a tract of land in North Dakota, agreed to make an exchange of said properties on certain specified terms. The price or value of the land was agreed upon; the price and value of the stock of goods and fixtures were to be ascertained and settled by appraisers, or invoicers, to be named by the parties, and when so ascertained and proper credit thereon given for the price of the land, the unpaid remainder was to be secured by the promissory note of the defendant, signed by himself, wife and one Seymour. An attempt was made to invoice and price the goods and fixtures; but before it was completed, disputes arose, and defendant refused to proceed further in the deal, announced a rescission of the contract, and demanded return

of an advance payment of $500 which he had made. Thereafter, this action was begun. Neither defendant's wife nor Seymour was made a party. The petition alleged defendant's refusal to perform the contract and plaintiffs' readiness and willingness to perform on their part, and prayed for a decree of specific performance "or, as an alternative remedy, the rescission of the contract, and that they be given damages." There was no prayer for general relief except in the reply. The answer admits the making of the contract, alleges that plaintiffs refused to invoice the goods, as provided in the agreement, and wrongfully sought to require plaintiff to take goods at an exaggerated price far above their real value, and in other ways sought to obtain an undue advantage over defendant, who thereupon rescinded and abandoned the contract. A counterclaim was also pleaded for a repayment of the advance installment. The trial court found and decreed that plaintiff had failed to make a case for specific performance and dismissed the petition for equitable relief, and decreed that, as both parties had asked for a rescission of the contract, it should be so ordered, and that, upon such record, the contract being rescinded, no question of damages could arise, and defendant was entitled to recover the admitted payment of $500. From this decree, the plaintiffs have appealed and arguments have been filed.

Pending the disposition of the appeal, the appellee has filed a motion for affirmance of the decree below, in support of which motion, a showing is made that plaintiff has sold and disposed of the entire stock of goods and fixtures to a third person not a party to this case, thereby disabling themselves from performing the contract which they are asking the court to specifically enforce. Appellants do not deny the showing so made. They in effect concede that, upon the record made, they were not entitled to specific performance, but say that the case was tried and submitted in the court below, on the sole question whether plaintiffs were entitled to damages as an alternative remedy; and that, notwithstand-

ing they may have lost their right to equitable relief by selling the property, they are still in a position to demand a reversal on the question of damages. The record does not bear out the claim thus stated, nor does it appear that the only matter in controversy when the issues were submitted to the trial court was the question of damages. On the contrary, the issue of specific performance appears to have been fought out to the finish in the district court, and the right of plaintiffs to a reversal upon that issue is insisted upon in plaintiffs' main argument in this court.

That plaintiffs, by selling and disposing of the property and thereby putting it out of their power to perform their own part of the contract, waived their right, if any they had, to demand equitable relief, is too manifest for argument. He who asks equity must do equity. In this connection, it is well also to state that, upon the trial below, the plaintiffs, as witnesses, admitted that, at all times down to the date of the trial, they had not only retained possession of the stock of goods, but had treated it in all respects as their own property, buying new goods and commingling them with said stock and appropriating the proceeds of sales to their own use; although they say, in extenuation, that they have kept an accurate account of the amount of their sales. One of the grounds assigned by the trial court for denying performance of the contract was that by their own conduct plaintiffs had changed or destroyed the identity of the property; also that their conduct in this respect supported the evidence of defendant that there had been a rescission or abandonment of the contract.

1. SPECIFIC PERFORMANCE: contracts enforceable: mutuality of enforcement.

Without further elaboration of statement, we turn to the question, Are the plaintiffs entitled to have the court retain jurisdiction of the case to consider the question of damages? We are clearly of the opinion that this question must be answered in the negative. In the first place, let us look to the pleadings.

2. CONTRACTS: rescission: damages.

As we have already noticed, the prayer of the petition is first for specific performance, ''or, as alternative relief, the rescission of the contract, and that they be given damages.'' The answer denies the claimed right to specific performance, and in turn demands a rescission of the contract and a return of defendant's money. With the issue of specific performance disposed of as above indicated, the parties appear to be left standing in court both demanding rescission, and, rescission having been decreed, neither is in position to question its propriety on appeal. If it be said by appellants that they also included a demand for damages in their prayer for relief, it is sufficient answer thereto to say that remedy by rescission is wholly inconsistent with a recovery of damages, and that, the court having ordered a rescission, the demand for damages necessarily fails. If two inconsistent prayers for relief be made, the court can properly grant but one; and if it grants one, the plaintiffs can make no valid complaint because it denied the other.

3. APPEAL AND ERROR: review: estoppel: inconsistent prayers.

There is still another aspect of the case which forbids the assessment of damages. It is not to be denied that, under our practice, where an action is brought in good faith demanding equitable relief, and it appears upon trial that, by reason of some act or default of the defendant, or other reason not well known to plaintiff before suit brought, the specific relief asked cannot be granted, the court will ordinarily, upon demand therefor, retain the case for the assessment of damages. See *Reiger v. Turley*, 151 Iowa 491. But there is a limit to this practice, and, if it shall clearly appear that the reason for denying equitable relief is because of the default or wrong of the plaintiff himself, or if it clearly appears that when he began his suit he knew, or ought to have known, that he was not entitled to such relief, then, upon denial of his prayer therefor, the court will not, or at least is not required to, retain the case upon a question

4. EQUITY: retention of jurisdiction: specific performance: bad faith in bringing action.

of damages. This seems to be the effect of our holding in *Findley v. Koch,* 126 Iowa 131. To say otherwise is to hold that every plaintiff having an alleged cause of action at law upon which he wishes to avoid trial to a jury may accomplish his object by alleging some flimsy ground for equitable relief to which he knows he is not entitled, and then, when such relief is denied, may assert his right to remain in equity for an ordinary money recovery, upon what is clearly an issue at law. See, also, *Doan v. Mauzey,* 33 Ill. 227; *Kempshall v. Stone,* 5 Johns. Ch. (N. Y.) 193; *Morss v. Elmendorf,* 11 Paige Ch. 277; *Green v. Stewart,* 45 N. Y. Supp. 982; *McQueen v. Chouteau,* 20 Mo. 222; *Knudtson v. Robinson,* (N. D.) 118 N. W. 1051; *Mack v. McIntosh,* 181 Ill. 633; 26 Am. & Eng. Encyc. L. 86; *Chase v. Hogan,* 3 Abb. Pr. N. S. (N. Y.) 57. The record fairly brings the plaintiffs' case within the operation of this rule and sustains the holding of the trial court. It follows of necessity that, when the court found, and as it is now conceded properly found, that the prayer for equitable relief should be denied, nothing was left in issue upon which plaintiff was entitled to further hearing.

The decree appealed from is therefore—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.