19401.   PRINTUP *et al. v.* SMITH.

Argued June 12, 1956—Decided July 10, 1956.

*W. Inman Curry, Curry & Curry, J. Paul Stephens, Congdon & Leonard, Wm. P. Congdon,* for plaintiff in error.

*Boller & Yow,* contra.

DUCKWORTH, Chief Justice. Although the caveators prayed, first, that the will be not probated, they offered as a second prayer that, if probated, their choice be appointed administrator with the will annexed, and that the request of the propounder, that she be so appointed, be denied. The court of ordinary denied the first prayer, but granted the second. The question for our decision is, if the caveators should be allowed to appeal from that judgment of the ordinary. Where one prayed for a construction of a will and the court construed it, this court held that, having obtained the relief prayed for, he could not except to that judgment. *First National Bank of Rome* v. *Yancey,* 207 *Ga.* 437 (62 S. E. 2d 179). One assuming a position in court and having that position sustained by the court can not thereafter assume a contrary position. *Comer* v. *Epps,* 149 *Ga.* 57 (99 S. E. 120). In the case last cited it is intimated that the rule might be different if the opposite party had not acted thereon to his prejudice. We think the serious business of the court would justify it in refusing to allow one to "blow hot and then cold," thereby wasting its time. Courts have no power to control what litigants may ask them to do, but if a litigant is not sure of what he wants, he can refuse to ask for and receive a judgment of the court. Having voluntarily prayed for precisely the judgment granted him, it would be trifling with the law to allow him to secure a reversal of the judgment sought with full knowledge of all relevant facts.

It is true that in *Gaither* v. *Gaither,* 23 *Ga.* 521, it was held that a judgment probating a will in common form did not estop the executor from moving to set it aside and declare the will void. We think—merely to point out the explanation of that decision given by this court in *Hardeman* v. *Ellis,* 162 *Ga.* 664 (135 S. E. 195), where it was shown that the executrix did not at the time of the probate know of the facts—that decision is clearly inapplicable here. Where one assumes a position ignorant of material facts, upon discovery of such facts he may take an opposing position if innocent people will not suffer thereby. *Horne* v. *Lewis,* 160 *Ga.* 824 (129 S. E. 95); *Johnson* v. *Ellis,* 172 *Ga.* 435

(158 S. E. 39). Counsel for the caveators cite *Peterson* v. *Lott*, 200 *Ga.* 390, 394 (37 S. E. 2d 358), and we believe one sentence therein defeats counsel's position. That sentence is: "Two remedies are inconsistent if the assertion of one involves the negation or repudiation of the other." Does the appointment of the caveators' selection as administrator with the will annexed "negate" or "repudiate" a claim that the will is void? Does the request and acceptance of such appointment upon the judgment of probate constitute acceptance and action upon that judgment? We think the answer to both questions is yes. One can not at the same time attack a judgment and have a claim to a position based upon that judgment.

From what is said above, the court did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concur, except Mobley, J., who dissents.*