Argued January 10, dismissed March 15, petition for
rehearing denied April 11, 1967

BELL ROSE SANITARIUM, INC., *Appellant,*
*v.* METZ, *Respondent.*
425 P. 2d 168

*Paul R. Meyer,* Portland, argued the cause for appellant. With him on the briefs were Leo Levenson and Kobin & Meyer, Portland.

*George M. Joseph,* Portland, argued the cause for respondent. On the brief were Jack H. Dunn, Morton H. Zalutsky and Morrison & Bailey, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is a suit by plaintiff corporation to require defendant, a promoter of the corporation, (1) to account for corporate profits retained by defendant, and (2) to require defendant to specifically perform a stock subscription agreement or, in the alternative, to cancel defendant's stock. The trial court granted the requested relief for an accounting and ordered defendant to specifically perform his stock subscription agreement.

Plaintiff contends that the trial court erred in failing to cancel defendant's stock. It is contended that the stock subscription agreement is invalid because it consists of an agreement to issue stock for services which were not to be rendered until a future time.

Defendant contends that plaintiff is precluded from raising this question on appeal because all the relief which plaintiff sought was granted to it in the suit below and because plaintiff accepted the benefit of the trial court's decree.

We agree with defendant that plaintiff is not at liberty to allege the invalidity of the subscription agreement in this appeal. Plaintiff asked for alter-

native relief; either specific performance of the subscription agreement or cancellation of defendant's stock. The trial court having granted one of the alternatives, plaintiff has received all that it has requested and all that to which it is entitled.

■ Where the plaintiff seeks alternative remedies which are inconsistent with one another, and the court grants one of the requested remedies, the plaintiff is precluded from recovery under the other remedy, and no appeal will lie from the trial court's refusal to grant the requested relief.[1] Under such circumstances the plaintiff is essentially in the same position as if he had appealed from a decree entered by consent.[2]

■■ Plaintiff has waived its right to appeal not only because it has received the relief it requested, but also because it has accepted the benefits of the decree entered in its favor.[3]

The appeal is dismissed.

---

[1] "* * * If two inconsistent prayers for relief be made, the court can properly grant but one; and if it grants one, the plaintiffs can make no valid complaint because it denied the other." Dow v. McVey, 174 Iowa 553, 557, 156 NW 706, 707 (1916).

See also, Fugate v. Walker, 204 Ky 767, 265 SW 331 (1924); Dillon v. Wentz, 227 N C 117, 41 SE2d 202 (1947); Harris v. Christianson-Keithley Co., 303 SW2d 422 (Tex Civ App 1957); Texas Portland Cement & Lime Co. v. Lee, 98 Tex 236, 82 SW 1025 (1904); Marwalt Realty Co. v. Greene, 224 Wis 1, 271 NW 648 (1937).

[2] Cf., Boyer v. Burton, 79 Or 662, 149 P 83, 156 P 281 (1916). See also, Steenson v. Robinson, 236 Or 414, 385 P2d 738, 389 P2d 27 (1964); Schoren v. Schoren, 110 Or 272, 214 P 885, 222 P 1096 (1924).

[3] "* * * [A] litigant cannot accept the benefits of an adjudication and afterward appeal therefrom." Portland v. Schmid, 82 Or 465, 467, 161 P 560 (1916).

See also, Bd. of Higher Education v. United Presbyterian Church, 82 Or Adv Sh 625, 630, 413 P2d 428 (1966); Pacific General Contractors v. Slate Const. Co., 196 Or 608, 611-12, 251 P2d 454 (1952); Moore v. Floyd, 4 Or 260, 261 (1872).