**EQUITY CAPITAL COMPANY,**
**Plaintiff-Appellant,**

v.

**Myron SPONDER, individually and as Trustee, and Lawyers Title Guaranty Fund, Defendants-Appellees.**

**No. 26705.**

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1969.

Harold L. Ward, Miami, Fla., for plaintiff-appellant; Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., of counsel.

Richard L. Lapidus, Miami, Fla., for appellee Sponder.

Harold L. Greene, Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, Fla., for appellee Lawyers Title Guaranty Fund.

Before JOHN R. BROWN, Chief Judge, and GEWIN and GOLDBERG, Circuit Judges.

JOHN R. BROWN, Chief Judge.

This case is a misfortune. Because the Trial Judge by his unrevealing order of dismissal for failure to state a claim presumably thought, with a good deal of justification, that the plaintiff would never succeed in its claim, he dismissed the claim and it now comes to us with the almost certain necessity of its being reversed because of the Trial Court's failure to heed at this late date the concept of the Federal Rules. For one of the latest run-downs on the mortality rate of such rulings see Webb v. Standard Oil Co., 5 Cir., 1969, 414 F.2d 320. Now it must go back for either a resolution of the facts, or more likely, a judicial determination that after all is said and done the plaintiff cannot come up with enough evidence to make out a disputed issue of fact. But this is a far cry from throwing the party out on the pleadings, for a summary judgment proceeding would have afforded a full opportunity to demonstrate that there was at least one issue on which a trier might favorably act and on which a judgment for the plaintiff would be required or permitted under Florida law. Now it goes back a year, two courts and three judges later to ascertain whether any such fact or facts exist.

Plaintiff's complaint against defendants Myron Sponder and Lawyers Title Guaranty Fund seeking foreclosure and other relief alleged that defendant Sponder was a member of Lawyers Title Guaranty Fund and authorized to act for it during all material times. The complaint further charged certain misconduct on behalf of Sponder in rendering title opinions to the plaintiff, so that plaintiff was entitled to foreclose an outstanding mortgage existing as to certain realty against which Sponder, as trustee, held a junior mortgage. The complaint sought damages for defendants' misconduct as well as the foreclosure of the mortgage and the recovery by plaintiff of attorney's fees as provided for by law.

Sponder moved to dismiss for failure to state a claim. Lawyers Title not only moved to dismiss for failure to state a claim, but also moved for Judgment on the Pleadings. The Court granted Sponder's motion to dismiss. The Court also granted both motions filed by Lawyers Title, and not only granted that defendant a Judgment on the Pleadings but dismissed the cause with prejudice.

The theory of the plaintiff, so far as we are able to follow it, is that Sponder,

who was the one passing on the title for Lawyers Title, himself held a mortgage which was superior to the title shown by Lawyers Title to be in plaintiff's predecessor. The theory of the defendants—which likewise comes to us to divine as a matter of Florida law without even so much as the slightest suggestion of a whisper of how the Trial Court read these claims and defenses—was that the complaint revealed on its face that when this was called to the attention of the defendants, Sponder immediately filed a subordination agreement.

The trouble with this is that it assumes that with an outstanding superior mortgage the subordination agreement assured plaintiff and its *successors* that none would suffer damage. From the bare bones pleadings that are before us and which the Rules clearly permit, these questions cannot be resolved with any assurance—certainly no Florida assurance. We think at this stage that it is too early and too quick to deny any judicial inquiry—by discovery, motion for summary judgment and trial if justified—by merely asserting, as does Sponder, that plaintiff may not compel foreclosure of the Sponder lien for plaintiff's benefit.

 We are careful to emphasize to the point of redundance: the plaintiff under Florida law may not be able to marshal any facts on which to show it has some right to relief[1] for this acknowledged breach of the obligations of Sponder and Lawyers Title. On the other hand, on this skimpy record, and briefs which are little better, we cannot say with conviction that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.

Of course, any such statement carries its own caveat that nothing said or unsaid is any intimation of how the case must or should come out. Indeed, to give it that sort of a hearing, it must go back to the Trial Court. What we said of Georgia law in *Webb, supra,* applies equally well to Florida law in this case.

"What—and all—we have determined here is that the complaint states a claim under Georgia law and cannot therefore be disposed of on the pleadings. Camilla Cotton Oil Co. v. Spencer Kellogg & Sons, 5 Cir., 1958, 257 F.2d 162, 167; Carss v. Outboard Marine Corp., 5 Cir., 1958, 252 F.2d 690, 691 n. 1; Navigazione Alta Italia v. Columbia Cas. Co., 5 Cir., 1958, 256 F.2d 26, 33; Millet v. Godchaux Sugars, 5 Cir., 1957, 241 F.2d 264, and especially cases cited p. 265, n. 1. We *do not* even attempt to intimate what will be the final outcome on remand to the District Court. Chagas v. Berry, 5 Cir., 1966, 369 F.2d 637, 642; Garret v. American Airlines Inc., 5 Cir., 1964, 332 F.2d 939, 944, 3 A.L.R.2d 930; Millet v. Godchaux Sugars, supra, 241 F.2d at 267. Nor for that matter do we even forecast how far the case will get, and certainly not that there is necessity for a full-blown trial, Smoot v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1962, 299 F.2d 525, 534. Indeed, once the matter gets beyond what the lawyers in legalese say the facts are and the Court sees what the real facts are, it may well wash out on summary judgment, Bruce Constr. Corp. v. United States, 5 Cir., 1957, 242 F.2d 873, or if not then, then later on motion for directed verdict after the plaintiff's or all of the evidence is in. River Brand Rice Mills Inc. v. General Foods Corp., 5 Cir., 1964, 334 F.2d 770, 773."

Webb v. Standard Oil Co., *supra,* 414 F.2d at 324 quoting Tyler v. Peel Corp., 5 Cir., 1967, 371 F.2d 788, 791–792.

Reversed and remanded.

---

[1]. Except for a default judgment, the prayer of the complaint is irrelevant under F.R.Civ.P. 54(c) as to relief. This depends on the facts on the hearing or trial, not the prayer. Molnar v. Gulfcoast Transit Co., 5 Cir., 1967, 371 F.2d 639; Burton v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1964, 335 F.2d 317; South Falls Corp. v. Rochelle, 5 Cir., 1964, 329 F.2d 611; Smoot v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1962, 299 F.2d 525.