BD. OF SUPERVISORS FOR BIG SIOUX TOWNSHIP, Plaintiff v. BAILEY et ux, Defendants

(222 N.W.2d 389)

(File No. 11327. Opinion filed October 17, 1974)

RENTTO, Judge.*

The defendants, pursuant to written permission granted them by the Board of Supervisors of Big Sioux Township in Union County, South Dakota, placed their mobile home on a lot in that township. When this permission was granted does not appear in the record nor does the date they moved their mobile home onto it. The tract of land on which it is located is adjacent to premises occupied by one S. E. Stephens. He complained that the defendants' structure interfered with the enjoyment of his property and reduced its value.

He further claimed that placing it on the lot it occupied violated the provisions of ordinances # 6 and # 9 of the township and apparently requested the township board, on that basis, to order its removal. This the board declined to do. From this decision he appealed to the circuit court. On default by the township in that proceeding the court on April 21, 1971 entered a judgment requiring the board to take such action as was necessary to remove the offending structure. The board's motion to be relieved of its default and the judgment set aside was denied.

Thereafter the township charged the defendants, in justice court, with violating its ordinances # 6 and # 9. This proceeding resulted in their acquittal. About two months later the township

---

* Retired Supreme Court Justice acting pursuant to SDCL 16-1-5.

board commenced an action in circuit court against these defendants in the nature of one for a declaratory judgment as to their right to maintain their mobile home where it was. Stephens' attempt to intervene in this proceeding was denied. In its order denying intervention entered September 21, 1972, the court modified its judgment of April 21, 1971 to require the township board to file an action in circuit court challenging defendants' right to keep their mobile home on the lot in question.

In obedience to that direction the board brought this action against the defendants. In it they asked for mandatory injunctive relief against the defendants requiring them to remove their mobile home from the premises on which it was located. Defendants answered denying the board's right to the relief requested and moved that the complaint be dismissed for failure to state a claim upon which relief could be granted. After hearing arguments of counsel the court sustained defendants' motion and on March 19, 1973 entered an order dismissing the complaint on its merits.

About a month later Stephens secured from the court an order requiring two of the township supervisors to show cause why they had not complied with the order of September 21, 1972. This the two supervisors contested. There is no explanation why such motion was made in this action. It was submitted to the court on affidavits and argument of counsel, after which the court entered its order of May 19, 1973, finding specifically that Stephens was not a party to the proceeding and dismissing the order to show cause.

Neither the plaintiff nor defendants have appealed from any of these determinations or made any appearance here. However, Stephens served and filed a notice that he was appealing from the orders entered herein on March 19, 1973 and May 19, 1973, and served and filed a brief. His notice of appeal indicates he feels he has the right to do so because of his involvement in the proceeding resulting in the default judgment of April 21, 1971. He does not claim that he is a party to the action from which he is attempting to appeal. Even though the defendants have not appeared here, on our own motion, we must consider first whether one not a party to an action may appeal from the

judgment or order entered therein. If he may not, we have no jurisdiction of the appeal except to dismiss it.

In § 3145 of the Revised Code of 1919 the right of appeal was given to a "party aggrieved". The 1939 Code while continuing the right of appeal did not expressly limit it to a "party aggrieved". SDC 33.0701. The provision in our 1967 Code is the same. SDCL 15-26-1. In applying the 1939 provision in Carlson v. West River Oil Company, 75 S.D. 333, 64 N.W.2d 294, this court held that the right of appeal was limited to a "party aggrieved" even though that clause did not appear in the statute. This, the court said, was the general rule and the holding of our cases.

■■■ With the right to appeal thus limited to a party aggrieved it follows that "no one can appeal from a judgment or order unless he was a party to the action or proceeding below". In Re Johnson's Estate, 66 S.D. 256, 281 N.W. 113. In the absence of a statute extending the right of review to others than parties aggrieved, this is the general rule. 4 C.J.S. Appeal and Error § 170. We do not have such a statute. Under this rule, strangers to the action, no matter how much they may be prejudiced by the judgment, decree or order of the court cannot obtain its review by appeal. 4 Am.Jur.2d Appeal & Error § 173.

This holding we think is consistent with SDCL 15-26-2 which requires that the appeal must be taken within a prescribed time after written notice of the filing of the order shall have been given to the party appealing, and 15-26-3, which directs that the notice of appeal be served on the adverse party.

Accordingly this appeal must be dismissed. An order to that effect will be entered.

WINANS, WOLLMAN, DOYLE and COLER, JJ., concur.

RENTTO, Retired Judge, sitting for DUNN, Chief Justice, disqualified.