WALKON CARPET CORPORATION and W. P. Larson,
Respondents v. KLAPPRODT, Appellant

(231 N.W.2d 370)

(File No. 11403. Opinion filed July 3, 1975)

**Marvin D. Keller,** Sioux Falls, for appellant.

**Robert L. Jones,** Sioux Falls, for respondents.

COLER, Justice.

This action, brought by Walkon Carpet Corporation and W. P. Larson, sought recovery of a note due from defendant in the sum of $2826.29; the recovery of a Ford Econoline van which the defendant was to have contributed to the capital of the corporation; and the value of other property allegedly misappropriated by the defendant. The defendant answered by way of a general denial except as to the note in question, to which he alleged a failure of consideration and, in addition, counterclaimed for double damages for wages oppressively and maliciously withheld from him by the corporation; expenses incurred during employment; failure of the corporation to pay obligations allegedly assumed; the value of certain property of nominal value, the return of which he claims was wrongfully denied; and for slander by W. P. Larson.

The trial to the court resulted in a verdict for the corporation on the note and interest, offset by partial failure of consideration, together with the value of the van which defendant had sold, title having never been transferred to the corporation, and for the defendant on his counterclaim for wages only without awarding double damages and the sum of $1.00 against W. P. Larson because of his slanderous statements. Defendant appeals claiming the court erred in, (1) failing to find total failure of consideration on the note and, incidentally, allowance of interest thereon although the note was silent as to interest, (2) denying corporate liability of preexisting debts, (3) denying double damages for wages withheld, and (4) awarding inadequate damages for slander.

We affirm.

Our standard of review is established by SDCL 15-6-52(a), and mandates that we give due regard to the findings of the trial judge because of his more favorable position to determine the weight of the evidence and assess all of the circumstances involved. A review of the entire record does not leave us with the requisite definite and firm conviction that a mistake was committed to justify reversal as clearly erroneous. In Re Estate of Hobelsberger, 1970, 85 S.D. 282, 181 N.W.2d 455.

The trial court had before it testimony and exhibits which were somewhat conflicting, oftentimes inconsistent with the parties' own evidence, and inadequate to fully document the position of the parties when they went into the corporate venture. No full accounting was sought between the parties as stockholders, and a less than clear picture is shown of where either of the individual parties stand under the judgment of the trial court.

The record in this case exemplifies a not unusual but unfortunate failure of the individuals going into a joint venture to document by books and records in the nature of inventory of stock, fixtures and equipment, profit and loss statements and balance sheets, and the assets and liabilities of the sole proprietorship being assimilated into a corporation in which the two of them were to be equal shareholders. Defendant Paul Klapprodt, having been engaged in the carpet installation business as "Paul's Carpet Service", represented to Larson that he had secured contracts for carpet installation in several major buildings in Sioux Falls, South Dakota, which would gross some $30,000. Except for some minor carpeting materials, this sum represented anticipated payments for labor on those contracts but the extent of completion or the amount earned at the time of incorporation does not appear in the record. It appears that the defendant, in dire need of operating capital to meet payroll and thereby complete the contracts, agreed that the corporation would receive the payments under those contracts. Defendant further represented that his business was possessed of various tools of a value of $1200 and the van of a value of approximately $900 which he would contribute to the corporation. Defendant Klapprodt solicited the financial participation of plaintiff W. P. Larson to

supply that necessary capital. Although there is nothing in the record to show how the figure was set, plaintiff Larson initially put $5000 into the business. Following this initial investment by Larson, articles of incorporation and bylaws were set up and both were approved at the organizational meeting of the corporation held on October 13, 1971. The incorporators were W. P. Larson, Paul Klapprodt and Curtis Larson, a son of W. P. Larson. W. P. Larson was elected president and Paul Klapprodt secretary. At that organizational meeting the following resolution was adopted:

> "BE IT RESOLVED, that the subscription of W. P. Larson and Paul Klapprodt for a total of 20 shares of stock of the company to be paid for at par, be and are accepted, and that the officers be and hereby are authorized to issue the same immediately on payment for same, in cash or other property."

In an attempt to assure an equal initial contribution, the parties thereafter secured the services of a CPA who, in conference with the parties, prepared a schedule of the valuation of properties transferred by Paul Klapprodt to the corporation, including the tools and the van. The value placed on the tools was $1000 and, after deduction of an outstanding lien, the van was valued at $437.48. This disparity in contributions was the basis of an agreement by the parties and the note in question was executed by the defendant to the corporation to balance out their obligations. There was sufficient evidence from which the trial court could find that consideration for the note included stock in the corporation in the sum of $1000, and that the corporation's failure to deliver the stock constituted a partial failure of consideration, and therefore deducted that amount from the amount of the note before computing the interest thereon. Such a finding and conclusion is justified not only on the theory of a lack of adequate consideration, SDCL 57-13-17, but also under the clear mandate of SDCL 47-3-28. SDCL 47-3-28 is an enunciation of public policy, seeking to protect creditors and the general public alike from deceptively capitalized businesses. Under this statute Walkon Carpet Corporation could not have lawfully delivered, and rightfully did not deliver, the shares of stock and

defendant was entitled to a credit for that amount against the balance due on the note.

■ Although the amended complaint failed to specifically pray for interest on the note and the line on the note intended to designate the rate of interest was left blank, the trial court did not err in awarding interest at the legal rate on the amount of the note deemed due and owing. SDCL 54-3-2, 54-3-4. The relief granted conformed to the evidence adduced and was properly allowed. SDCL 15-6-54(c).

■ In alleging error of the trial court in its finding that Walkon Carpet Corporation did not assume the debts and liabilities of Paul's Carpet Service, defendant proposes that plaintiff's failure to prove compliance with the statutory provisions of the Uniform Commercial Code—Bulk Transfers, SDCL 57-24, apply to buttress Klapprodt's testimony that Walkon Carpet Corporation had assumed such debts and liabilities, a fact denied by all plaintiff's witnesses. However, SDCL 57-24 is intended to protect third parties and creditors, and does not go to the validity of the transferor-transferee transaction. Woodring v. Winner National Bank, 1929, 56 S.D. 43, 227 N.W. 438. Based on the testimony in the record from both the attorney involved in the incorporation and the CPA who participated in later negotiations, the trial court's holding that Walkon Carpet Corporation did not accept such obligations was not clearly erroneous.

■ The defendant is not entitled to the measure of damages on his claim for unpaid wages under SDCL 60-11-7 without a finding of the trial court to the effect that defendant met his burden of proof to establish either oppression, fraud, or malice as plaintiff's motive for withholding pay. The record here supports the trial court's finding that the defendant was discharged as general manager without malice, oppression or fraud and the judgment against the defendant for property wrongfully withheld from the corporation furnishes justification for the employer's retention of the salary.

■ The defendant's final assertion is that he should be entitled to an award of substantial compensatory and punitive damages in the absence of proof of special damages when he was

found to be the victim of slander per se, actuated by malice. SDCL 20-11-4(1). The trial court found that "Plaintiff Larson on several occasions told others that defendant was a crook, that he stole carpet and that he belonged in the penitentiary" and further that the remarks were actuated by malice. The charging of a person with a crime is slander per se under SDCL 20-11-4(1), Ross v. Ward, 1901, 14 S.D. 240, 85 N.W. 182. No proof of actual harm to reputation or any other damage is required to recover for slander per se, see Prosser on Torts, § 112 (4th Ed. 1971), and plaintiff is entitled to at least nominal damages. Hutchens v. Kuker, 1959, 168 Neb. 451, 96 N.W.2d 228; Lawrence v. Jewell Companies, Inc., 1972, 53 Wis.2d 656, 193 N.W.2d 695.

■ In his counterclaim defendant alleged that the plaintiff Larson had slandered him in telling certain persons that he both drank to excess and was sexually promiscuous. The trial court may properly have considered from the development of the evidence on that count and from other evidence in the record that the reputation of the defendant was not such, in its tarnished state, as to have been materially damaged by the slander of the plaintiff. Since damage to reputation was at least part of Klapprodt's claim, evidence of his reputation or past misdeeds was admissible both in establishing truth, Tokmakian v. Fritz, 1949, 75 R.I. 496, 67 A.2d 834, and in mitigating damages. Kruglak v. Landre, 1965, 23 A.D.2d 758, 258 N.Y.S.2d 550. The Restatement of Torts, Explanatory Notes § 621, comment d, at 287 (Tent.Draft No. 20, 1974), supports this view, "In determining the amount of an award of general damages, the jury or other trier of fact may consider the character of the plaintiff and his general standing in the community as affecting the loss which he has sustained or will sustain."

Our review of the entire record does not leave us with the requisite definite and firm conviction that the award of $1.00 to Klapprodt was such a mistake as to justify reversal as clearly erroneous. SDCL 15-6-52(a), In Re Estate of Hobelsberger, supra.

■ SDCL 21-3-2 provides that the trial judge may award punitive damages because the slanderous statement was actuated by malice. In his discretion he elected to not make such an award

and we find nothing in the record to indicate an abuse of this discretion.

Judgment is affirmed.

All the Justices concur.