COLUZZI v RESERVE INSURANCE COMPANY

Appeal and Error—Pleading—Inconsistent Theories of Relief—
Alternative Remedies—Aggrieved Parties—Court Rules.
A party who seeks alternative inconsistent remedies is not ag-
grieved by the denial of one of its requested remedies where a
trial court grants another of the remedies requested; such a
party, not being aggrieved, thereby lacks standing to appeal
(GCR 1963, 806.1).

Appeal from Macomb, George R. Deneweth, J.
Submitted January 6, 1976, at Detroit. (Docket No.
21772.) Decided March 22, 1976.

Complaint by Alexander Coluzzi and Shirley De
Har against Reserve Insurance Company, and oth-
ers, for a declaratory judgment regarding coverage
under several policies of insurance. The Secretary
of State intervened as a party defendant. Judg-
ment for plaintiffs based upon one of their alterna-
tive theories for relief. Plaintiffs appeal. Affirmed.

*Bain & Shapero, P. C.,* for plaintiffs.

*Davidson, Gotshall, Kohl, Nelson, Secrest, War-
dle & Lynch* (by *George F. Clark* and *Steven L.
Kreuger),* for defendant Reserve Insurance Com-
pany.

*Eggenberger, Eggenberger, McKinney & Weber,*
for defendant State Farm Insurance Company.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 573.

*Pedersen* (by *Stanley A. Prokop)*, for defendant Hawkeye Insurance Company.

*Glime, Daoust & Wilds* (by *Herbert J. Rusing* and *Denis R. LeDuc)*, for defendant Detroit Automobile Inter-Insurance Exchange.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for intervening defendant Secretary of State.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

PER CURIAM. Plaintiffs filed an original and two amended complaints asserting alternative and inconsistent theories and seeking declaratory relief. The trial court granted plaintiffs a declaratory judgment based on one of those theories. Plaintiffs now appeal therefrom.

GCR 1963, 521 provides for declaratory relief. GCR 1963, 111.1 provides that declaratory relief may be sought as part of a statement of claim and permits it to be made in the alternative. GCR 1963, 521.5 provides that "[d]eclaratory judgments shall have the force and effect of final judgments and shall be reviewable as final judgments". GCR 1963, 806.1 states that " * * * an *aggrieved party* shall have a right to appeal from all final judgments or final orders from the Circuit Courts * * * ". (Emphasis supplied.)

In a situation where a party seeks inconsistent relief, because the trial court can grant only one of the requested remedies, the party is not aggrieved by the denial of the other. *Bell Rose Sanitarium,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Inc v Metz,* 246 Or 475; 425 P2d 168 (1967), *Gamble v Gamble,* 24 App Div 2d 625; 262 NYS2d 214 (1965), *Printup v Smith,* 212 Ga 501; 93 SE2d 679 (1956). Because the instant case falls within the ambit of that rule, plaintiffs are not aggrieved parties and, consequently, lack standing to appeal.

Affirmed. Costs to appellees.