Ernest MILLER and Marlys Miller, Plaintiffs and Respondents, No. 12169 and Plaintiffs and Cross-Appellants, No. 12173,

v.

Leonard SCHOLTEN and Viola Scholten, Defendants and Appellants, No. 12169 and Defendants and Cross-Respondents, No. 12173.

Nos. 12169, 12173.

Supreme Court of South Dakota.

Jan. 5, 1979.

Rehearing Denied Feb. 7, 1979.

Michael B. Crew of Crew Law Offices, Vermillion, for plaintiffs and respondents, No. 12169 and plaintiffs and cross-appellants, No. 12173.

Everett A. Bogue of Bogue, Weeks & Rusch, Vermillion, for defendants and appellants, No. 12169 and defendants and cross-respondents, No. 12173.

WOLLMAN, Chief Justice.

Plaintiffs brought this action seeking a declaration that a certain road leading to their property had been dedicated to the public for use as a public road. In the alternative, plaintiffs asked for a judgment barring defendants from interfering with plaintiffs' use of the road. The trial court entered findings of fact, conclusions of law, and judgment granting plaintiffs a prescriptive easement across defendants' property for the purposes of ingress and egress to plaintiffs' property. Defendants have appealed. Plaintiffs have cross-appealed, contending that the trial court erred in not adopting their proposed findings of fact and conclusions of law to the effect that the road in question had been dedicated by defendants to the public and that the road was being held by the local township for use as a public road.

Before we consider the merits of the appeal and cross-appeal, we must deal with defendants' motion to dismiss plaintiffs' cross-appeal. Defendants contend that because plaintiffs prevailed at trial they are not entitled to appeal from a judgment in their favor. We do not agree. This case was presented to the trial court by the plaintiffs on inconsistent alternate theories of relief. Plaintiffs did not make an election between these theories; hence, it was left to the trial court to determine what relief was appropriate. *Bernstein v. United States*, 10 Cir., 256 F.2d 697; *E. H. Boly & Son, Inc. v. Schneider*, 9 Cir., 525 F.2d 20, 23 n. 3.

■ First, it should be noted that SDCL 15–6–8(a) [1] allows a party claiming relief to demand relief in the alternative or of several different types. The forms of relief demanded need not be consistent. SDCL 15–6–8(e)(2). As in the present case, counsel may not be able to determine with certainty which of two closely related but inconsistent forms of relief the evidence will show his client to be entitled to, and therefore it is proper for trial to proceed upon both theories. 5 Wright & Miller, Federal Practice and Procedure § 1283 at 372–373.

■ Second, SDCL 15–6–54(c) [2] places upon the trial court the duty to render final judgment granting the relief to which the party in whose favor it is rendered is entitled. This duty is to be discharged in a nondefault judgment even though the party receiving relief did not request such relief in its pleadings. In deciding what relief the prevailing party is entitled to the party's prayer for relief is irrelevant. *Equity Capital Co. v. Sponder,* 5 Cir., 414 F.2d 317, 319 n. 1. This court has held that granting relief not specifically requested in the plaintiff's prayer is proper in a nondefault case where the relief so granted was consistent with the case alleged in the complaint and proven at trial. *Woodford v. Kelley,* 18 S.D. 615, 101 N.W. 1069; *Bekker v. White River Valley Ry. Co.,* 28 S.D. 84, 132 N.W. 797; *Walkon Carpet Corp. v. Klapprodt,* S.D., 231 N.W.2d 370. In a recent case, *American Property Services v. Barringer,* S.D., 256 N.W.2d 887, we said: "[I]f under the facts as established by the evidence, a claimant is entitled to [specified relief], the trial court should grant such relief even though it was not contained in the prayer for relief." 256 N.W.2d at 892. The caveat contained in that case is worthy of repetition here. "However, the relief to be granted under SDCL 15–6–54(c) is not unlimited, and such relief *must be based upon the facts alleged in the pleadings and justified by the proof at trial.*" 256 N.W.2d at 892 (emphasis added). Because, the party in whose favor judgment is rendered has a right to the relief the evidence proves he is entitled to, even though he did not request such relief, it follows *a fortiori* that where a party has requested the relief the evidence proves he is entitled to, it is error for the trial court to refuse such relief.

■ The effect of allowing the trial court to elect between plaintiffs' inconsistent alternative forms of relief and then not allowing plaintiffs to appeal the trial court's decision would be to bind plaintiffs to their prayer for relief. It is clear that for Rule 54(c) to have any effect plaintiffs may not be bound by their prayer for relief. As stated in *United States v. Metro Development Corp.,* N.D.Ga., 61 F.R.D. 83, 86:

Although Rule 8(a)(3), Fed.R.Civ.P. requires as an essential part of a complaint a demand for judgment for the relief to which the plaintiff deems himself entitled, Rule 54(c), Fed.R.Civ.P. makes it clear that such a prayer does not bind the party . . . . .

1. SDCL 15–6–8(a) provides:
   A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain
   (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and
   (2) a demand for judgment for the relief to which he deems himself entitled.
   Relief in the alternative or of several different types may be demanded.

2. SDCL 15–6–54(c) provides:
   A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment *shall* grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings (emphasis added).

SDCL 15–6–54(c), effective July 1, 1966, replaced SDC 1960 Supp. 33.1703, which provided:
   In cases where no appearance is made by a party, the judgment or order of the Court shall not exceed that claimed by the pleading or notice or order to which he should have responded.
   In all other cases, the Court *may* grant relief consistent with the case made by the pleadings and papers of the parties, or embraced within the issues presented and considered by the Court, whether or not the same is specifically presented by the pleadings (emphasis added).

See also *Ring v. Spina*, 2 Cir., 148 F.2d 647, 653. This analysis is in keeping with the United States Supreme Court's view of the modern rules of procedure.

The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 86.

In *Morton Buildings of Neb., Inc. v. Morton Buildings, Inc.*, 8 Cir., 531 F.2d 910, plaintiff alleged certain anti-trust violations against defendant. The district court ruled that defendant's defense of a voluntary termination agreement defeated plaintiff's claim. In a post-trial motion to amend the judgment, plaintiff requested a judgment in its favor for profits due under the agreement. The district court denied the motion on the basis that plaintiff's theory of the case did not encompass this type of relief. The Court of Appeals for the Eighth Circuit, construing Fed.R.Civ.P. 54(c) (identical with SDCL 15–6–54(c)), stated:

We believe [plaintiff] adequately developed his right to the profits at trial. Although [plaintiff] did not specifically request this form of relief in his complaint, the law clearly provides that a plaintiff is not strictly bound by the prayers for relief in the complaint; the trial court is obligated to enter judgment in favor of plaintiff for any appropriate relief mandated by the evidence adduced at trial. *Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968); *Nagler v. Admiral Corp.*, 248 F.2d 319, 328 (2d Cir. 1957); J. Moore, *Federal Practice* ¶ 54.62 (1975); Fed.R.Civ.P. 54(c); *cf. Armstrong Cork Co. v. Lyons*, 366 F.2d 206, 209–10 (8th Cir. 1966). 531 F.2d at 919.

The court remanded for entry of judgment as demanded by plaintiff. See also *Troutman v. Modlin*, 8 Cir., 353 F.2d 382.

In the present case, plaintiffs sought a declaration that the road in question was a public way; evidence adduced at trial proves that plaintiffs were entitled to such declaration. The trial court refused to enter judgment to that effect but instead elected to apply plaintiffs' alternative theory of relief. This action by the trial court was prejudicial to substantial rights of the plaintiffs, and as a practical matter plaintiffs did not receive the relief to which they were entitled and should, therefore, be allowed to appeal. *Aetna Casualty & Surety Co. v. Cunningham*, 5 Cir., 224 F.2d 478, 480. We note that there are cases in which courts have held that where a plaintiff seeks inconsistent alternate forms of relief he may not appeal from a judgment granting one of the requested alternatives on the ground that plaintiff has received that which he requested. *Bell Rose Sanitarium v. Metz*, 246 Or. 475, 425 P.2d 168; *Printup v. Smith*, 212 Ga. 501, 93 S.E.2d 679; *Coluzzi v. Reserve Ins. Co.*, 68 Mich.App. 524, 243 N.W.2d 906; *Dow v. McVey*, 174 Iowa 553, 156 N.W. 706; *Fugate v. Walker*, 204 Ky. 767, 265 S.W. 331; *Dillon v. Wentz*, 227 N.C. 117, 41 S.E.2d 202. Some of these cases were decided prior to the general adoption of rules similar to Fed.R.Civ.P. 54(c) and others failed to consider the ramifications of this rule when applied to the alternative relief problem.

The requirement that the right of appeal runs only to an "aggrieved party" has had an interesting history in South Dakota jurisprudence. In a very early opinion, *Woods v. Pollard*, 14 S.D. 44, 84 N.W. 214, the court, citing no authority, said that because the decision of the trial court was in favor of the defendant he was not aggrieved and hence had no right of appeal. In 1919 the requirement that only an aggrieved party has a right to appeal was adopted by the legislature. Revised Code of 1919 § 3145. This court next addressed the matter in 1923 in *Severin v. Medearis*, 46 S.D. 408, 193 N.W. 138. There, citing the 1919 Code, we said an order granting a new trial to plaintiff did not aggrieve him, and hence he had no right of appeal. The requirement was abandoned by the legislature in 1939, SDC 33.0701, and it has not reappeared in subsequent revisions of the code. In 1943, the court in *Nilsson v. Krueger*, 69 S.D. 312, 9 N.W.2d 783, citing

*Woods v. Pollard,* supra; and *Severin v. Medearis,* supra, stated: "A party cannot appeal from a judgment or decree in his favor since he is not thereby aggrieved." 69 S.D. at 314, 9 N.W.2d at 785. In *Carlson v. West River Oil Co.,* 75 S.D. 333, 64 N.W.2d 294, it was brought to the attention of the court that the 1939 revision of the Code had abandoned the requirement that a party be aggrieved in order to appeal. In that case, a taxpayer-resident of Faith, South Dakota, brought suit on behalf of the municipality against the oil company, alleging that its owner was a member of the city council at a time when the city purchased goods and merchandise from the oil company. The city intervened and served a complaint admitting the truth of the facts alleged in plaintiff's complaint but raising various defenses. The trial court found against the oil company and the intervenor sought to appeal. The court, citing *Nilsson v. Krueger,* supra, held that in no respect could the intervenor be deemed a party aggrieved and dismissed the appeal. In *Gustafson v. Gate City Cooperative Creamery,* 80 S.D. 430, 126 N.W.2d 121, a successful plaintiff sought to cross-appeal solely to protect her record in the event of a reversal. The court affirmed the judgment and dismissed the cross-appeal, noting that plaintiff wished the judgment to stand as rendered and was not aggrieved by the judgment.

In a more recent case, *Board of Supervisors, etc. v. Bailey,* 88 S.D. 522, 222 N.W.2d 389, the court found that though appellant may well have been aggrieved by the judgment it was not a party to the action and hence had no right of appeal, aggrieved or not. In *Olesen v. Snyder,* S.D., 249 N.W.2d 266, a codefendant successfully moved for summary judgment dismissing him from the complaint and from defendants' cross-claim. Defendants appealed and this court held that defendants were aggrieved parties. It should be noted that in attempting to achieve a reversal as to the dismissal of codefendant in that case, defendants alleged two theories upon which plaintiff could have sought to hold defendants liable, but this court, speaking through Chief Justice Dunn, held that the allegations in the complaint did not allege the facts necessary to impose liability under either theory. As a result, of course, the provisions of Rule 54(c) discussed above were not brought into play.

A more difficult case is presented by *Bottum v. Herr,* 83 S.D. 542, 162 N.W.2d 880. In that case, plaintiff sought to recover on a note. Defendant answered with three alternate defenses: (1) that plaintiff was not the real party in interest; (2) that the assignment of the note was champertous and hence void; and (3) that there was a failure of proof that the note, which had been lost, had ever existed. In his motion for a directed verdict, which was granted, defendant asserted only the ground that plaintiff was not the real party in interest. In a cross-appeal, defendant sought to assert the other grounds as a proper basis for the directed verdict. This court held that in restricting his motion for a directed verdict to a single ground the defendant "deprived the trial court of an opportunity to rule on such grounds." 83 S.D. at 548, 162 N.W.2d at 883. In view of the discussion herein, that statement is of doubtful validity. The court went on to state the conclusion that since judgment was in defendant's favor, he was not an aggrieved party, citing *Gustafson v. Gate City Cooperative Creamery,* supra, and dismissed the cross-appeal. It is interesting to note, however, that the court went on to consider the alternate grounds asserted by defendant on the theory that "[i]f a directed verdict should have been granted for any reason, the trial court can be sustained though the precise reason given for its action is erroneous." 83 S.D. at 549, 162 N.W.2d at 884.

The statements contained in the above cited cases to the effect that a party in whose favor a judgment is rendered cannot be an aggrieved party, insofar as they do not represent a conclusion based on an analysis of the relief to which a prevailing party is entitled under SDCL 15–6–54(c), do not accurately state the law under the rules of civil procedure adopted by the court in 1966. The prevailing party in a lower court

adjudication may be a "party aggrieved" if the adjudication is prejudicial to him. *Peters v. Peters,* Iowa, 214 N.W.2d 151; annot. 69 A.L.R.2d 701 § 15; 4 Am.Jur.2d, Appeal & Error § 184. We conclude that where a plaintiff has set out inconsistent alternate forms of relief and the trial court has elected a form of relief which is not supported by the evidence, prejudicial to the plaintiff, and the evidence encompassed in the complaint and proved at trial shows that the relief to which plaintiff is entitled is not the form of relief granted by the trial court, such plaintiff may be heard to appeal.

We turn, then, to the merits of the appeal and cross-appeal. The road in question runs in a northeasterly direction across defendants' property and ends at the farmstead located upon plaintiffs' property. There was testimony establishing the fact that the road has been in existence, albeit in an unimproved form, from at least March 1, 1913. Plaintiff Ernest Miller moved onto the farm located on his property in 1949. Defendants purchased their property on a contract for deed in 1959, acquiring a deed to the property in 1961. In the spring of 1959, Miller spoke with defendant Leonard Scholten about the possibility of having the township take over the road. According to Miller's testimony, Scholten agreed to this. Miller then spoke with the chairman of the township board of supervisors. Later that spring the township paid for having the road graded and graveled. Thereafter, the township paid local contractors for maintaining the road. Defendant Scholten acknowledged that the township officials had asked him to give them an easement in 1959 but that he had not done so because he was not record owner of the property. He testified that he had given the township permission to grade and gravel the road but only with the understanding that the township would do so as a part of its policy to give every farmer in the township access to a graveled road.

■ Defendants place much reliance on our recent decision in *Brusseau v. McBride,* S.D., 245 N.W.2d 488, in support of their claim that the trial court erred in finding that plaintiffs were entitled to a prescriptive easement over the road. We do not agree. As we pointed out in that opinion, the evidence was undisputed that neither the county nor any other public body at any time had ever expended any public funds for construction, repair or maintenance of the road. We agree with plaintiffs that this court's decision in *Evans v. City of Brookings,* 41 S.D. 225, 170 N.W. 133, is authority for the proposition that defendants dedicated the road to the public and that the township had accepted the dedication by expending public funds for grading, graveling, and maintaining the road. As the court said in the *Evans* case,

[W]hat amounts to a dedication by implication depends upon the facts of the particular case, and no hard and fast rule can be laid down as a guide for the courts . . . .

. . . . .

This crossing was paid for by the city, and with the knowledge of Jenkins. To our mind this . . . constitutes ample proof that at that time . . . if not before, he dedicated this strip of land as a public highway; and that the city, by the use of this alleyway by its citizens, and by thus paying for the crossing, accepted the same as a public way. 41 S.D. at 229–231, 170 N.W. at 134.

Likewise, in *Edmunds v. Plianos,* 74 S.D. 260, 51 N.W.2d 701, the payment by the city for the cost of paving an intersection of a street and alley was considered as supporting the finding that there had been an implied dedication of the property in question as a public alley. See also *Haley v. City of Rapid City,* S.D., 269 N.W.2d 398.

■ We conclude that the trial court should have adopted plaintiffs' proposed findings and conclusions to the effect that defendants had dedicated the roadway to the public, that there had been acceptance by the public, and that the roadway now constitutes a public road. Accordingly, the judgment is reversed and the case is remanded to the circuit court for entry of

findings of fact, conclusions of law, and judgment declaring the road in question to be a public road.

DUNN, ZASTROW and MORGAN, JJ., concur.

PORTER, J., concurs specially.

PORTER, Justice (concurring specially).

Under the pleadings and record, plaintiffs should not be precluded from cross-appealing for the more extensive remedy they sought from the trial court. The trial court did not reach the merits of whether the road was a public road, finding it unnecessary to do so because it granted the less extensive remedy sought. Therefore, as to defendants' motion to dismiss plaintiffs' cross-appeal, I concur in the majority opinion on the basis that under this record the motion was properly denied.

I concur in the majority opinion concerning the merits of the appeal and cross-appeal.