#27278-a-JMK

**2015 S.D. 62**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| DAVID NIEMI and<br>ROXIE ANNE NIEMI, | Plaintiffs and Appellants, |
| v. | |
| FREDLUND TOWNSHIP, and STATE<br>OF SOUTH DAKOTA, by and through<br>its Office of School and Public Lands, | Defendants and Appellees, |
| and | |
| JERRY REISENAUER and<br>RIATA HILLS LLC, | Defendants, Third-Party<br>Plaintiffs and Appellees, |
| v. | |
| RON DRAGOO, TRUSTEE OF<br>THE M.L. DRAGOO 6/16/2003<br>REVOCABLE TRUST, | Third-Party Defendant. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
PERKINS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE RANDALL L. MACY
Judge

* * * *

CONSIDERED ON BRIEFS
ON MAY 26, 2015

OPINION FILED **07/15/15**

BRADLEY P. GORDON
TIMOTHY J. VANDER HEIDE of
Barker Wilson Law Firm, LLP
Belle Fourche, South Dakota

Attorneys for plaintiffs
and appellants.


ERIC H. BOGUE of
Bogue & Bogue, LLP
Faith, South Dakota

Attorneys for defendant and
appellee Fredlund Township.


MARTY J. JACKLEY
Attorney General

RICHARD M. WILLIAMS
MATTHEW E. NAASZ
Assistant Attorneys General
Pierre, South Dakota

Attorneys for defendant and
appellee State of South Dakota,
by and through its Office of
School and Public Lands.


DWIGHT A. GUBBRUD
KELLEN WILLERT of
Bennett, Main & Gubbrud, PC
Belle Fourche, South Dakota

Attorneys for defendants, third-
party plaintiffs and appellees
Jerry Reisenauer and Riata
Hills LLC.

#27278

KERN, Justice

[¶1.] Landowners filed a declaratory judgment action seeking a determination that the road traversing their property is not a road open to the public. After a court trial, the circuit court held that the landowners and their predecessors in interest had dedicated the road to the public by implication. The landowners appeal. We affirm.

## BACKGROUND

[¶2.] This case involves a dispute over a road located on real property owned by David and Roxie Niemi in Fredlund Township, Perkins County, South Dakota. For the last 100 years, the road has been referred to as the "Lewton Road." The Lewton family homesteaded the area and used to live at a residence at the end of the road, commonly known as the "Lewton Place." It was reported that Lewton Road was the only means of access to Lewton Place.

[¶3.] In March 2012, the Niemis brought suit in circuit court against Fredlund Township. The Niemis sought a declaratory judgment that the portion of Lewton Road that traverses their property is not a public road. The Niemis submitted that they brought suit because the Township had been operating as if Lewton Road was a public road. The Township filed an answer denying the Niemis' claim. The owners of land accessible by Lewton Road—Jerry Reisenauer, Riata Hills LLC, and the South Dakota Office of School and Public Lands—filed separate motions to intervene. After the court granted their motions, Reisenauer, Riata Hills, and the Office of School and Public Lands each filed separate counterclaims requesting a declaratory ruling that Lewton Road is a public road, or in the

-1-

alternative, that they are entitled to an easement by prescription. Reisenauer and Riata Hills also filed a third-party complaint against Ron Dragoo as the trustee of the M.L. Dragoo Revocable Trust. The Dragoo family originally owned the property. The Niemis are purchasing the property from the Dragoo Trust under a contract for deed. A default judgment was subsequently entered against the Dragoo Trust for its failure to appear.

[¶4.]     A court trial was held on February 25 and 26, 2014. A number of witnesses testified regarding the historical origin of Lewton Road and to the actions of the Township in relation to Lewton Road. Jim LeFebre, who was age 75 at the time of the trial, testified that his grandfather Albert Fredlund was the area's first homesteader in 1900 and that the Township was named after him. LeFebre, a lifelong resident of the Township, has served as the clerk for the Township Board since 1963. He submitted that he was familiar with Lewton Road and the property owned by the Niemis, which is now known as Section 20. According to LeFebre, O.F. Dragoo homesteaded the land that includes Section 20. At some point, O.F. Dragoo transferred his interest in Section 20 to his son, Edgar Dragoo. LeFebre relayed that Edgar was the clerk of the Township Board of Supervisors from 1939 to 1962. When Edgar passed away, LeFebre became the clerk. As clerk, LeFebre was charged with the duty of recording the minutes of the Township's meetings in the Township books. He explained that the Township meeting occurred once a year and primarily concerned Township roads.

[¶5.]     LeFebre described Lewton Road and the land it traverses. Lewton Road begins off Highway 75 and travels south and west across Section 20, Section

30, and into Section 31, where it ends at the old Lewton Place, just north of the South Grand River. LeFebre testified that Lewton Dam is located in Section 19, just outside Section 20, and is accessed by Lewton Road. When he was a child, LeFebre's parents would take him and his siblings to the dam to ice skate in the winter. LeFebre indicated that people continue to access Lewton Dam by Lewton Road. Prior to 1943, the Fredlund School was located off Lewton Road and, according to LeFebre, Lewton Road provided the only access to the school. In 1943, the school was moved to Section 16.

[¶6.] LeFebre also summarized the work historically done by the Township on Lewton Road. LeFebre referred to Township meeting minutes from 1927, which indicated that O.F. Dragoo had made a motion to have Mr. Lewton repair the bridge near the Fredlund School and by Lewton Dam. The motion was seconded by Mr. Lewton, who was also on the Township board at the time. The Township paid for the repairs. LeFebre further testified that in 1958, Mrs. Lewton wrote to the Township and requested that the Township "grade and fix up the mile of road between my mailbox and the dam." The letter was addressed to LeFebre's father, who was the Township Board Supervisor at the time. LeFebre explained that Mrs. Lewton's mailbox was located on Highway 75. On the back of Mrs. Lewton's letter were notations indicating the expected cost of the project: $400 for grading and $300 for graveling. LeFebre also referred to certain haul tickets that he stated represented various loads of gravel paid for by the Township including gravel for Lewton Road.

[¶7.] In 1972, the South Dakota Game Fish & Parks paid for the Township to repair the bridge at Lewton Dam. LeFebre testified that he used a tractor dozer to remove the old bridge and install new culverts. LeFebre next referred to the 1989 Township meeting minutes, which reflected a decision to replace the cattle guard on Lewton Road in Section 20. At the time the cattle guard was replaced, Gordon Dragoo owned Section 20. Dragoo was also a Township Chairman and authorized the Township expenditure. At the time of trial, the cattle guard was still functional and in the same location within Section 20.

[¶8.] In 2001, Gordon and Medelle Dragoo sold Section 20 to Roxie Niemi and her former husband Wade Chapman by contract for deed, which contract was assigned to the M.L. Dragoo Revocable Trust after Gordon died in 2002. Wade testified at the trial that he has lived in the Township since 1987. In 2004, Wade requested the Township improve the road from Highway 75 to his and Roxie's residence. At the time of the request, Wade was the Township Chairman. Wade testified that although routes other than Lewton Road were considered, the Township decided to "build up" Lewton Road from Highway 75 to the driveway and then construct an access to his residence. Wade described this portion of Lewton Road as "[a] good travelable road." He testified that in his opinion Lewton Road is a Township road open to the public.

[¶9.] LeFebre confirmed that the Township paid for the construction of Lewton Road from Highway 75 to Wade and Roxie's residence. LeFebre further testified that it was common for the Township to maintain and improve Township roads when requested to do so by Township residents and not maintain roads when

it was unnecessary. LeFebre explained that in 2005, the Township declared Lewton Road a "no maintenance road" from Wade and Roxie's driveway to Lewton Place because nobody was living in the Lewton residence at the time.

[¶10.] In 2007, Wade and Roxie divorced. Roxie testified that she received Wade's right, title, and interest in the contract for deed for the purchase of Section 20. Although she and her current husband David Niemi live in Buffalo, South Dakota, Roxie's daughter Tanya and son-in-law Jon currently live in the residence within Section 20. Roxie testified that her concern regarding the road began when her son-in-law Jon informed her that he had spoken with Steve Hedstrom out on Lewton Road. Hedstrom was attempting to move the old Lewton house off the original Lewton Place by bringing it up Lewton Road through the Niemis' property in Section 20. Roxie explained that she was concerned that Hedstrom would damage her land because her "land is highly erodable [sic], it's mostly sand[.]" She testified that anyone desiring to use the road traversing her property would need her permission. Hedstrom did not obtain permission and, according to Roxie, had in fact told her that the road was a Township road. Roxie testified that she contacted local State's Attorney Shane Penfield and later sent a letter to Jerry Reisenauer, an adjacent landowner, to advise him that he must obtain her permission before traveling on the road in Section 20. Reisenauer testified that both prior to and after receiving the letter from Roxie, he continued to use Lewton Road without asking for permission.

[¶11.] Roxie admitted that the Township constructed an access road to her residence when she was married to Wade. However, she denied any involvement in

the Township's decision to "build up" the road from Highway 75 to her driveway in 2004.  She insisted that after she became the owner of the land, she maintained the road, repaired potholes, hired a grader, and plowed snow.  During cross-examination, however, Roxie admitted that the Township does not pay for snow removal for any resident.  She also admitted that in 2004 she was told that Lewton Road is a Township road.  Roxie submitted numerous pictures in support of her testimony about the condition of the road from Highway 75 to where it ends within Section 20.  According to Roxie, the road after her driveway is mere pasture road.

[¶12.]      Reisenauer owns land in Section 19, which is adjacent to the Niemis' land.  He intervened in the suit to obtain a declaratory judgment that Lewton Road is a public road or that he be granted an easement by prescription.  At trial, he claimed that the only access to his property in Section 19 is Lewton Road from Highway 75.  He testified that Lewton Dam is located on his property and that the State of South Dakota has an easement for Lewton Dam.  He relayed that people use the dam for fishing and that the dam is accessed by Lewton Road.  He further testified that he has seen many landowners and leaseholders travel on Lewton Road to haul cattle in and out every year.  According to Reisenauer, Lewton Road is a public road.  Reisenauer submitted pictures, which he claimed accurately depict the condition of Lewton Road leading up to and after the Niemis' driveway.  In Reisenauer's opinion, it is apparent from the pictures that the road composition beyond the Niemis' driveway is not a pasture road.  He emphasized that the road is slightly elevated, there are depressions on each side of the road, and some pictures show gravel that had been previously placed on the road.

[¶13.]    Steve Hedstrom also testified.  He was born in 1960 and is a lifelong resident of the Township, excluding the four years he spent in college.  He is also the treasurer for the Township Board.  Hedstrom testified that he has been on Lewton Road several times—a couple times as a child when he traveled to Lewton Dam to fish, and several times as an adult when he traveled to Lewton Place.  One time in particular in 2011, Hedstrom was traveling to Lewton Place and met Jon (Roxie's son-in-law) on the road.  Hedstrom stated that Jon told him that the road is private.  Hedstrom testified that he informed both Jon and Roxie that Lewton Road is a Township road.  He also recalled the time he sold a cattle guard to the Township for installation on Lewton Road within Section 20.  According to Hedstrom, Lewton Road is a Township road.

[¶14.]    As the treasurer for the Township Board, Hedstrom also testified that he had a duty to record every Township expense and income.  According to Hedstrom, in 2007, 2009, and 2011, the Township paid Fink Dirtwork for hauling and spreading gravel on Township roads including Lewton Road.  He relayed that no Township resident reimbursed the Township for the gravel work done in 2007 and 2009.  However, in 2011, Pete Anderson, Dale Hedstrom, Colin LaMont, and Rod LeFebre paid the Township for gravel and Dale reimbursed the Township for a culvert.  No reimbursements were received from Roxie or David Niemi for work done on Lewton Road.

[¶15.]    Mike Cornelison, the land agent for the South Dakota Office of School and Public Lands, also testified.  Cornelison stated that he has worked as the land agent for the Office of School and Public Lands since April 1979.  He is responsible

for surface land management for state-owned lands. In particular, he manages surface leases, agricultural and grazing leases, surface damage, oil and gas, easements, rights of way, state-owned dams, meandered lakes, and weed and pest control issues. Cornelison testified that the Office of School and Public Lands currently administers 870,000 acres of land statewide. He personally travels the lands for evaluation and monitoring. He testified that it is important for him to have access to state-owned school and public lands. He further explained that the State can lease the land at a higher rate if there is access to the land.

[¶16.] The Office of School and Public Lands does not own land touching Section 20. However, Cornelison explained that in order to access the land the State owns within the Township, he has used Lewton Road beginning at Highway 75 and traversing Section 20. He conservatively estimated that he had traveled Lewton Road through Section 20 at least 12 times. He further testified that he had never been told by anyone that he could not use Lewton Road.

[¶17.] Cornelison testified regarding an aerial photo taken in 1961 of the land comprising Section 20. According to Cornelison, Lewton Road is plainly visible on the aerial map starting at Highway 75 and ending at the Lewton Place. Cornelison also described a second aerial photo taken in 1974. He testified that the photo depicts the road in the same location and also shows Lewton Dam. Cornelison indicated that the State has an easement for a 12-foot right of way for public use around the lake and that in his experience it is important that the public have access to that easement.

[¶18.] Cornelison testified that the appearance of Lewton Road has changed since he first drove on it in 1980. However, according to Cornelison, the "part to the west hasn't changed, other than it's a little more grazed[.]" He explained that there is a different composition between a pasture road and an improved road. "[P]asture roads are just running on top of the native grasses or the native situation, and then improvements come in all kinds of different levels, but, you know, they come with grading, come with ditching, they come with surfacing, addition of surface materials." Cornelison submitted that in his opinion Lewton Road is an improved road.

[¶19.] At the conclusion of the trial, the court took the matter under advisement. On July 3, 2014, the court entered its findings of fact and conclusions of law. On August 11, 2014, the court issued a declaratory judgment in favor of Fredlund Township, Jerry Reisenauer, Riata Hills LLC, and the South Dakota Office of School and Public Lands (the Defendants).

[¶20.] The court entered 96 factual findings outlining the evidence presented at trial. It found that "[t]he Township has historically maintained the Township roads, including the Lewton Road, on an as-needed basis." The court noted that, "[i]n addition to routine maintenance, Township records show that the Township Board has approved certain extraordinary expenses for improving and maintaining the Lewton Road over many decades." Further, "Lewton Road, from Highway 75 to Lewton Place, has been continuously worked and maintained by the Township since at least 1927. The road has been graded, built up with ditches on the side and graveled by the Township."

[¶21.] In the 1950s, the Dragoos (the Niemis' predecessor in interest) authorized the Township to perform work on the road. The court found that the Dragoos' actions demonstrated an "intent to dedicate Lewton Road as a public Township road" and the Township's acceptance was shown by its authorization of work on Lewton Road. Likewise, the court found that the Township accepted Lewton Road as a Township road when the Township paid for Jim LeFebre to demolish the bridge on Lewton Road at Lewton Dam.

[¶22.] The court noted that in 1989, Gordon Dragoo indicated his intent to dedicate Lewton Road as a public road when he allowed the Township to install a cattle guard on Lewton Road within Section 20 at the Township's expense. Further, the court found that the Township accepted the dedication by installing the cattle guard.

[¶23.] In reference to Roxie and Wade's acts, the court found that they expressed an intent to dedicate Lewton Road in 2004 when they requested the Township build up Lewton Road from Highway 75 to their home. The court found that the Township's decision to improve the road was evidence of the Township's acceptance of the road as a public road. In 2007 and 2009, the Township paid for loads of gravel to Roxie Niemi's driveway, which constituted her acquiescence in the Township's maintenance of the road and the Township's continued acceptance of the road as a public road.

[¶24.] Accordingly, the court found that the Township met its burden of proof by establishing that the landowners surrounding Lewton Road had impliedly dedicated Lewton Road as a public road and that the Township had accepted the

dedication. Furthermore, the court found that the Township has taken no action to vacate Lewton Road. Although it declared a portion of Lewton Road a no maintenance road in 2005, it "made this declaration because no one was living in the former Lewton residence in Section 31." According to the court, "The Township has agreed to improve and maintain the full length of Lewton Road if a residence is placed or built at Lewton Place." The court also found that the public's use of Lewton Road from Highway 75 to Lewton Place has been continuous and unmolested for more than twenty years.

[¶25.] The court also held that the Defendants "have proven by a preponderance of the evidence that the requirements of SDCL 31-3-1 have been satisfied by Fredlund Township and the Lewton Road has been used, worked, and kept in repair as a public highway continuously for over twenty years and the Lewton Road has been legally located and dedicated to the public." In the alternative, the court ruled that the State has "established the elements of a public prescriptive easement on Lewton Road across Section 20 by clear and convincing evidence[,]" and that Riata Hills, the State, and Reisenauer "have established a prescriptive easement for their use of Lewton Road from Highway 75 to the Lewton Place by clear and convincing evidence."

[¶26.] The Niemis appeal asserting four issues for our review. First, the Niemis claim that the circuit court erred when it held that the disputed roadway in Section 20 is a public road by operation of an implied common-law dedication. Second, they assert that the court erred when it ruled that the Defendants satisfied the requirements of a statutory dedication to the public under SDCL 31-3-1. In

their third issue, the Niemis contend the circuit court erred when it granted the State a public prescriptive easement based on its finding that the State used Lewton Road in an open, continued, and unmolested manner for at least twenty years and that the use was hostile and adverse to the owner. Lastly, the Niemis claim the court erred as a matter of law when it alternatively granted the State, Riata Hills, and Reisenauer a private prescriptive easement for the use of Lewton Road from Highway 75 to Lewton Place.

## STANDARD OF REVIEW

[¶27.] We review a court's declaratory judgment rulings in the same manner as any "other orders, judgments, and decrees." SDCL 21-24-13. We, therefore, review the circuit court's factual findings for clear error. "Clear error is shown only when, after review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *Rabenberg v. Rigney*, 1999 S.D. 71, ¶ 4, 597 N.W.2d 424, 425 (quoting *Cleveland v. Tinaglia*, 1998 S.D. 91, ¶ 16, 582 N.W.2d 720, 724). We, however, reach our "legal conclusions independent from the conclusions reached by the [circuit] court." *City of Rapid City v. Anderson*, 2000 S.D. 77, ¶ 6, 612 N.W.2d 289, 291 (quoting *Agar Sch. Dist. v. McGee*, 1997 S.D. 31, ¶ 10, 561 N.W.2d 318, 321) (internal quotation mark omitted).

## ANALYSIS

[¶28.] The Niemis submit that "there has been no showing or determination by clear and convincing evidence or otherwise" that the Niemis or their predecessors in interest have impliedly dedicated Lewton Road as a public road. They allege that inconsistent and sporadic maintenance by the Township does not establish an

intent to dedicate the road or an acceptance of the dedication by the Township. The Niemis further assert that the Defendants have failed to meet their burden of proof to satisfy every element of an implied common-law dedication because the circuit court did not specifically find by *clear and convincing* evidence that the Township has accepted the dedication.

[¶29.] Before we address the merits of the case, we clarify the burden of proof. This Court has not previously addressed what standard of proof must be met to establish an implied common-law dedication. We find persuasive, however, this Court's statement in *Cuka v. Jamesville Hutterian Mutual Society*, that the evidence "must be stronger, more intense or of a high degree than is required in ordinary litigation" when "the objective of the litigant is to establish an interest in land that is inconsistent with the record title[.]" *See* 294 N.W.2d 419, 422 (S.D. 1980) (quoting *Lenker v Musilek*, 75 S.D. 60, 62, 59 N.W.2d 417, 418 (1953)). As one court remarked, "[d]edication is an exceptional and peculiar mode of passing title to an interest in land[.]" *Metcalf v. Black Dog Realty, LLC*, 684 S.E.2d 709, 718 (N.C. Ct. App. 2009) (quoting *State Highway Comm'n v. Thornton*, 156 S.E.2d 248, 253 (N.C. 1967)) (internal quotation mark omitted). Therefore, we adopt the clear and convincing standard as the burden of proof. *See McAllister v. Sanders*, 937 N.E.2d 378, 383 (Ind. Ct. App. 2010); *Merritt v. Peet*, 24 N.W.2d 757 (Iowa 1946); *Wagner v. Crossland Constr. Co., Inc.*, 840 N.W.2d 81, 86 (N.D. 2013); *Coley v. Di Sorbo*, No. E2012-01347-COA-R3-CV, 2013 WL 2387719, at *3 (Tenn. Ct. App. 2013) (unpublished); *Draper City v. Estate of Bernardo*, 888 P.2d 1097, 1099 (Utah 1995).

[¶30.]    We turn, then, to analyze the court's decision. The court first identified that it would apply the preponderance of the evidence standard to the evidence in this case. However, the court also ruled that "[i]n the event it is found that an enhanced standard does apply to Implied Dedications, the Defendants/Third Party Plaintiffs have established that Lewton Road has been dedicated for the public use by clear and convincing evidence." Because the court evaluated the evidence against the clear and convincing burden of proof, we examine whether the court erred when it ruled that the Defendants met their burden.

[¶31.]    Dedication is a term of art. It is a "devotion of property to a public use by an unequivocal act of the owner" of the property and an acceptance of that dedication by the public. *Tinaglia v. Ittzes*, 257 N.W.2d 724, 728-29 (S.D. 1977). A dedication can arise by operation of common law or application of statute. *Id.* at 729. Here, the court found a dedication both under the common law and under SDCL 31-3-1\*. A dedication also can be either express or implied. "A dedication is express when the intent is manifested by oral or written words, and is implied when the intent must be gathered from the acts of the dedicator." *Tinaglia*, 257 N.W.2d at 729 (quoting 11 Eugene McQuillin, *Municipal Corporations* §33.03 (3d rev. ed.)). Here, it is undisputed that an express dedication did not occur. We, therefore, address the Niemis' first issue: whether the circuit court erred when it held that the

---

\*    SDCL 31-3-1 provides in relevant part:

> Whenever any road shall have been used, worked, and kept in repair as a public highway continuously for twenty years, the same shall be deemed to have been legally located or dedicated to the public, and shall be and remain a public highway until changed or vacated in some manner provided by law.

disputed roadway in Section 20 is a public road by operation of an implied common-law dedication.

[¶32.]    "[W]hat amounts to a dedication by implication depends upon the facts of the particular case, and no hard and fast rule can be laid down as a guide for the courts[.]" *Evans v. City of Brookings*, 41 S.D. 225, 170 N.W. 133, 134 (1918). A dedication "is implied where it arises by operation of law from the owner's conduct and the facts and circumstances of the case." *Tinaglia*, 257 N.W.2d at 729 (quoting 11 McQuillin, *supra* ¶ 31, § 33.03). Dedication is premised on the doctrine of equitable estoppel. *Larson v. Chicago Minn. & St. Paul R.R. Co.*, 19 S.D. 284, 103 N.W. 35, 37 (1905). *See also Bergin v. Bistodeau*, 2002 S.D. 53, ¶ 17, 645 N.W.2d 252, 256. This is because when an owner's actions or conduct have been acted upon by the public and the Township, testimony that dedication was not intended "will not be permitted to prevail against unequivocal acts and conduct on the part of the owner inconsistent with such intent, and upon which the public had a right to rely." *Larson*, 19 S.D. 284, 103 N.W. at 37 (citation omitted) (internal quotation mark omitted). However, we do not presume dedication; the intent of the dedicator must demonstrate a positive and unmistakable intent to permanently abandon property for specific public use. *First Church of Christ, Scientist v. Revell*, 68 S.D. 377, 385, 2 N.W.2d 674, 678 (1942). More recently, we have said that a "[d]edication is similar to that of a contractual agreement between two parties. There must be an unconditional offer by the grantor to create a public highway and there must be an unconditional acceptance by the appropriate public entity that it becomes one." *Selway Homeowners Ass'n v. Cummings*, 2003 S.D. 11, ¶ 20, 657 N.W.2d 307, 313.

[¶33.] Contrary to the Niemis' insistence, this is not a case of mere use of a route of travel. *Contra Brusseau v. McBride*, 245 N.W.2d 488, 490-91 (S.D. 1976) (example of mere use). Rather, the acts and conduct examined by the court "show a dedication," which is "unequivocal and decisive, manifesting a positive and unmistakable intention, on the part of the owner, to permanently abandon his property to the specific public use." *See id.* at 491 (quoting *Cole v. Minnesota Loan & Trust Co.*, 117 N.W. 354, 359 (N.D. 1908)).

[¶34.] The original homesteader, O.F. Dragoo, requested or acquiesced in the Township's maintenance of Lewton Road. Edgar Dragoo similarly acquiesced. Gordon Dragoo allowed the Township to pay for and install a cattle guard on Lewton Road within Section 20. Wade Chapman, while married to Roxie (Niemi), requested that the Township construct a road to their trailer site and build up Lewton Road to their driveway. After Roxie became the record owner, she acquiesced in the Township's maintenance of Lewton Road in 2007 and 2009. *See, e.g.*, *Evans*, 41 S.D. 225, 170 N.W. at 134 (work paid for by the city with the knowledge of the owner is evidence of acquiescence). Moreover, Roxie's present position that she never intended for that portion of Lewton Road beyond her residence to be open to the public cannot prevail against her unequivocal actions and conduct upon which the public did and had a right to rely. *See Larson*, 19 S.D. 284, 103 N.W. at 37; *Evans*, 41 S.D. 225, 170 N.W. at 134.

[¶35.] Thus, based on our review of the record, the evidence supports the circuit court's findings and conclusions that the actions of the owners of Section 20 expressed an intent to dedicate Lewton Road as a public road. Further, from our

review of the evidence, the court did not err when it concluded that the Township accepted the dedication. It is true the circuit court did not use the words "by clear and convincing evidence" in regard to the Township's acceptance, but the evidence that the Township accepted the dedication "is so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *See Cromwell v. Hosbrook*, 81 S.D. 324, 329, 134 N.W.2d 777, 780 (1965) (citation omitted) (internal quotation mark omitted) (defining clear and convincing).

[¶36.] The Township, since at least 1927, has maintained Lewton Road at the request of the landowners surrounding the road. It provided gravel, grading, and road construction. It installed a cattle guard and a culvert. We recognize that the maintenance has not been routine or consistent, but the evidence established that the Township maintains Township roads when a resident requests maintenance. *See, e.g.*, *Smith v. Sponheim*, 399 N.W.2d 899, 905 (S.D. 1987) (public entity's improvements and maintenance can indicate acceptance). In fact, because no one lived at Lewton Place, the Township declared Lewton Road from Roxie's driveway to Lewton Place as a "no maintenance road" in 2005. Such declaration also demonstrates that the Township had accepted Lewton Road as a Township road.

[¶37.] The evidence also established that the public has used Lewton Road for decades, including the portion traversing Section 20, to access Lewton Dam, Fredlund School, and adjacent properties. According to the Township residents and adjacent landowners who testified, they had never been informed that they could not use Lewton Road until Roxie informed Steve Hedstrom in 2011 that he needed

her permission to use the road, which he ignored. Furthermore, the adjacent landowners and several members of the Township Board of Supervisors testified that they believed Lewton Road is a Township road open to the public.

[¶38.]    Because the circuit court's factual findings were not clearly erroneous, it did not err when it ruled that the entire length of the disputed roadway in Section 20 is a public road by operation of an implied common-law dedication. Further, because Lewton Road is a Township road, we need not reach the Niemis' remaining issues. The decision of the circuit court is affirmed.

[¶39.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.