#29304-a-SPM
**2021 S.D. 32**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

HOWARD N. NELSON,
BONITA C. NELSON,
PHILIP L. NELSON, and
EVELYN M. NELSON                                      Plaintiffs and Appellants,

            v.

BENNIE L. GARBER, and
DAKOTARAPTOR, LLC,                                    Defendants and Appellees,

            and

NANCY PFEIFER TEACHOUT, JAMES E.
FINDLEY and SARAH E. FINDLEY, as
Co-Trustees of the James E. and Sarah Findley
Revocable Trust, GARY G. MOHS and NORINE
A. MOHS, ARLO J. HURLEY and KATHLEEN
A. HURLEY, STEVEN T. AHLES and MARGARET
E. AHLES, and TREVOR J. STALLMAN, ROBERTS
COUNTY, a political subdivision of the State of South
Dakota, LOCKWOOD TOWNSHIP, a political
subdivision of the State of South Dakota, and any
personal representatives, heirs at law, devisees,
legatees, or creditors of any such person or persons who
may be deceased, whether known or unknown, and
all persons unknown who have a claim to have any
interests or estate in or lien or encumbrance upon
the premises described in the complaint,              Defendants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JON S. FLEMMER
Judge

\* \* \* \*

CONSIDERED ON BRIEFS
JANUARY 11, 2021
OPINION FILED **05/19/21**

DAVID A. GEYER of
Delaney, Nielsen, & Sannes, P.C.
Sisseton, South Dakota

Attorneys for plaintiffs and
appellants.


GEORGE B. BOOS of
Boos Jennen Law Firm, LLC
Milbank, South Dakota

Attorneys for defendants and
appellees.

\* \* \* \*

#29304

MYREN, Justice

[¶1.] Nelsons, Garber, and Dakotaraptor dispute their ownership interest in a section of roadway in the Bayview East Addition, referred to as Caster's Road. The circuit court granted summary judgment in favor of Garber and Dakotaraptor. It held that Caster's Road is a public road that the county or township does not maintain, and the Nelsons hold no right to control who uses the road. The Nelsons appeal the circuit court's order. We affirm.

**Facts and Procedural History**

[¶2.] In September 2017, Howard and Bonita Nelson and Philip[1] and Evelyn Nelson (referred to jointly as "the Nelsons") filed an action to quiet title to a section of roadway and to obtain a judgment declaring that they possess fee title to the road. They filed this action against Bennie Garber (Garber), Dakotaraptor, LLC (Dakotaraptor), Roberts County, Lockwood Township, and other named and unnamed persons who might claim an interest in the roadway.

[¶3.] The disputed road is an alleged private road called Caster's Road located in the Bayview East Addition (Bayview). The road's history begins in 1966 when the Roberts County Board of County Commissioners (Commission)[2] approved the plat for Caster's Subdivision on Big Stone Lake. Caster's Subdivision

---

1.    While this action was pending, Philip Nelson passed away. Evelyn acquired Philip's interest in their lot and his right to bring suit.

2.    The Roberts County Board of County Commissioners approved the county's plat maps until roughly 1978. Afterwards, the Planning and Zoning Committee approved the plat maps. Because the two bodies' policies regarding plat map road access appear the same, the word "Commission" refers to the governing body approving the plat map.

established Caster's Road. Its plat map identified Caster's Road as "ROAD," but the proprietor's certificate for Caster's Subdivision stated that "all Road Rights of Way shown are hereby dedicated to *Private Use*." (Emphasis added.) The document originally said, "to Public Use," but the Commission struck the word "public" and typed in "private."

[¶4.] In 1982, the Commission approved the Bayview subdivision, which replatted lots five through eight of Caster's Subdivision and included additional lots to the east. Bayview East Partnership (Bayview Partnership) developed the subdivision. The Bayview plat redrew and extended Caster's Road and included the disputed section of roadway. The plat map for Bayview identified the road as a "Private Roadway."

[¶5.] Philip and Evelyn Nelson purchased lot ten in Bayview in April 1983. In June 1988, Howard and Bonita Nelson acquired lot eight and the east half of lot nine. That same day, Philip and Evelyn Nelson acquired the west half of lot nine. The Nelsons' deeds do not mention an ownership interest in Caster's Road. Instead, their deeds refer to their properties by their Bayview lot numbers.

[¶6.] Located on the other side of Caster's Road from the Nelsons' lots is the Bay Ridge Subdivision (Bay Ridge), owned by Garber. Garber's residence is located at the east end of Bay Ridge, found at the end of Caster's Road. At one point in time, Bayview Partnership owned the land on which both Bayview and Bay Ridge sit. Garber purchased the Bay Ridge land in 2002, and the Commission approved the plat of Bay Ridge in 2004. Bay Ridge's plat map classified Caster's Road as a

"ROAD." Caster's Road was the only road included in the Bay Ridge plat map and was the only access road to the Bay Ridge lots.

[¶7.] Dr. Ronald and Donna Wyatt purchased their property outside the Bayview subdivision in 1993. Their property's circle driveway connects to the east end of Caster's Road. Since 1994, Caster's Road has been the only access to their land. Dakotaraptor purchased the property from Dr. Wyatt's estate in 2017. In August 2017, Garber executed and recorded an easement granting Dakotaraptor ingress and egress over Caster's Road.

[¶8.] In November 2019, the Nelsons filed a motion for summary judgment. They argued that the section of Caster's Road adjacent to their properties is, as the Bayview plat map indicates, a "Private Roadway." They contended that the plat map is clear on its face, and consequently the parties could not present parol evidence to interpret the plat map. They claimed, because Garber never acquired title to Caster's Road, he cannot convey an easement to Dakotaraptor.

[¶9.] Garber and Dakotaraptor responded and renewed a prior motion for summary judgment. They asserted that the Nelsons hold no interest in the road. They argued that, because their properties are also adjacent to the road, the Nelsons' interests are no greater than their own. Garber and Dakotaraptor further contended that the use of the word "private" on Bayview's plat map does not signify that Caster's Road is owned by the adjacent lots' landowners. Instead, they argued the Commission used the word "private" to notify the public that the county and township were not responsible for the road's maintenance. They alleged that the Commission only approved Bay Ridge Subdivision because Caster's Road provided

access to its lots. Garber and Dakotaraptor concluded that Caster's Road is a privately maintained public road, or alternatively, a public road not maintained by the county or township until either accepts the road.

[¶10.]     Garber and Dakotaraptor supported their summary judgment motion with an affidavit from Arden Moen (Moen), Roberts County's Director of Equalization from 1991 to 2007. He stated that a big concern for the Roberts County Planning and Zoning Committee was to ensure that the county or township would not be responsible for maintaining roads located in Big Stone Lake's developments. He commented that the committee labeled roads "private" to put the public and subdivision lot purchasers on notice that adjacent lot owners, not the county or township, were responsible for the road's maintenance. He asserted that the roads marked private are "public roads that are privately maintained, or . . . public roads that are NOT maintained by the county or township." According to him, the committee did not intend the use of the word "private" to prohibit the public from using the road. He noted that all platted lots must have access to a road for the committee to approve the subdivision. Moen served on the committee when they approved the Bay Ridge plat, and the only platted access to Bay Ridge was Caster's Road. He claimed, "adjoining land owner[s] may use [Caster's] [R]oad to access their adjoining propert[ies]."

[¶11.]     Also attached was an affidavit from Larry J. Holton (Holton), who served on the Roberts County Planning and Zoning Committee from roughly 1988 to 2008. He signed the approval for Bayview's plat map, and he claimed that evidence supported that adjacent landowners may use Caster's Road. He also stated that the

committee's policies required striking the word "public" and inserting the word "private." He noted that, when the committee approved the 1966 plat of Caster's Subdivision, the process required the committee to mark all roads as "private" to notify the public that the county and township were not responsible for road maintenance. However, he claimed this designation did not prohibit adjacent landowners from using the roads and individuals from extending the roads. Holton further explained that the committee would not have approved the Bayview plat map if the lot owners could not use the alleged "private" portion of Caster's Road within Caster's Subdivision. Because the committee approved Bayview, he claimed this provided proof that roadways marked "private" were meant for public use. He also categorized the lake developments' roads as "public roads that are privately maintained, or . . . public roads that are NOT maintained by the county or township."[3]

[¶12.]     In his affidavit, Garber averred that Caster's Road is the only access to his property located outside Bayview, and he has used Caster's Road since 1996. He claimed his address is "48155 *Caster's Road*." (Emphasis added.) Garber added that he has not asked permission to use the road, and no one has ever blocked his access. He claimed that he maintained the road from the west side of the Nelsons' properties to Dakotaraptor's driveway from 1995 to the present, and he has no knowledge of the Nelsons maintaining Caster's Road. Garber and Dakotaraptor

---

3.     The daughters of Bayview's developers, Sarah E. Findley and Catherine Hilgenberg, also provided affidavits stating that, to their knowledge, Caster's Road has been the only access to Dakotaraptor's property since its existence. They believed Caster's Road is a public road that is privately maintained.

also attached to their motion a letter from Roberts County's Director of Equalization stating that the county's records indicated that the Bayview lot owners do not own Caster's Road.

[¶13.] The circuit court heard the summary judgment motions in March 2020. At the hearing, Garber and Dakotaraptor noted that Caster's Road contains electric and water utilities, emergency vehicles traverse the road, and guests use the road, yet the Nelsons are seeking only to exclude Garber and Dakotaraptor. They also noted that the Bayview Partnership previously owned both the Nelsons' and Garber's properties. They argued that, if Caster's Road was private, the Bayview Partnership's sale of the Bayview lots to the Nelsons would have limited the Partnership's right to use Caster's Road and, as a result, limited the Partnership's access to its adjacent lot, now owned by Garber.

[¶14.] The Nelsons additionally argued that Moen's and Holton's affidavits were unpersuasive because Moen was not a member of the board of equalization until after the establishment of Bayview, and Holton was not the engineer on the project. They also argued that, because SDCL 11-3-12 does not require the governing body approving the plat to maintain the plat's road, Garber and Dakotaraptor's suggestion that the commission crossed out the term "public" and inserted the term "private" to avoid having to maintain the road was misplaced. The Nelsons further asserted that Garber created a new road providing access to Bay Ridge's lots, so Caster's Road was no longer the subdivision's only access, and Dakotaraptor's land was accessible from a road in a separate subdivision.

Dakotaraptor responded that the referenced subdivision's road did not provide it access because it reached an unplatted portion of its property.

[¶15.] The circuit court held that Caster's Road is "a public road that is not maintained by any township or county, and such road is available for use" by Garber and Dakotaraptor and that the Nelsons hold no right to determine who may use the public road. The court granted Garber and Dakotaraptor's motion for summary judgment and denied the Nelsons' motion.

[¶16.] The Nelsons appeal, raising three issues:

1. Whether the circuit court erred by considering parol evidence to determine whether Caster's Road is public or private.

2. Whether the circuit court erred by holding that Caster's Road is a public roadway.

3. Whether the circuit court erred by holding that the Nelsons hold no right to control who drives on Caster's Road.

**Standard of Review**

[¶17.] "We review a circuit court's entry of summary judgment under the de novo standard of review." *Knecht v. Evridge*, 2020 S.D. 9, ¶ 51, 940 N.W.2d 318, 332 (citation omitted). "Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper." *Sacred Heart Health Servs., Inc. v. Yankton Cnty.*, 2020 S.D. 64, ¶ 11, 951 N.W.2d 544, 548 (citation omitted).

## Analysis and Decision

### 1. Whether the circuit court erred by considering parol evidence to determine whether Caster's Road is public or private.

[¶18.] The parties dispute whether the circuit court was permitted to examine parol evidence when analyzing if Caster's Road was public or private. The Nelsons argue the 1982 plat of Bayview clearly identifies the road as a "Private Roadway." As a result, they argue we should give "private" its plain and ordinary meaning and not examine parol evidence.

[¶19.] "South Dakota's parol evidence rule is in no sense a rule of evidence, but a rule of substantive law." *Edgar v. Mills*, 2017 S.D. 7, ¶ 23, 892 N.W.2d 223, 230 (citation omitted) (internal quotation marks omitted). "Only when a plat is incomplete, ambiguous, or uncertain may surrounding circumstances and external evidence be considered for the purpose of determining the real intention of the platter." *Selway Homeowners Ass'n v. Cummings*, 2003 S.D. 11, ¶ 27, 657 N.W.2d 307, 315 (quoting *Tinaglia v. Ittzes*, 257 N.W.2d 724, 729 (S.D. 1977)).

[¶20.] The 1982 plat of Bayview is incomplete and ambiguous with respect to ownership of the roadway at issue. This permits the examination of parol evidence. Developers first established Caster's Road through the 1966 plat map of Caster's Subdivision. Its attached proprietor's certificate provided language dedicating all roads to "private use;" however, the original document shows the term "private" typed over a strikethrough of the term "public." The Bayview subdivision then replatted lots five through eight of Caster's Subdivision and redrew and extended a portion of Caster's Road. Bayview's proprietor's certificate stated that the

development of the land conformed with all existing applicable zoning and subdivision regulations, and it did not mention a change in the road's status. In 2004, the Commission approved the plat of the Bay Ridge subdivision, whose only access was Caster's Road.

[¶21.]     We cannot ascertain the road's status from the Bayview plat map alone. To determine if individuals dedicated the road to public use, we must examine the road from its inception and its treatment by the public; to do so requires parol evidence. This is a unique situation because three separate plats utilize the road. Additionally, the proprietor's certificate for Bayview references existing subdivision laws. We must examine whether Bayview conformed with "the system of streets of existing plats and . . . that adequate provision [was] made for access to adjacent unplatted lands by public dedication[.]" SDCL 11-3-8. This requires us to look at the preexisting Caster's Subdivision section of roadway and circumstances surrounding the road's use. *See Haley v. City of Rapid City*, 269 N.W.2d 398, 399–400 (S.D. 1978) (holding the plat alone was insufficient evidence to determine whether the city accepted the public interest held in trust); *see also Selway Homeowners Ass'n*, 2003 S.D. 11, ¶ 29, 657 N.W.2d at 315 (holding circuit court properly examined parol evidence to determine the scope of a platted easement).

[¶22.]     Because the Bayview plat map provided an incomplete picture of Caster's Road, the circuit court correctly examined parol evidence.

### 2. *Whether the circuit court erred by holding that Caster's Road is a public roadway.*

[¶23.] The Nelsons argue that Caster's Road is an easement granting only Bayview lot owners access to Caster's Road. They note that the developer clearly marked Caster's Road as private and argue that a road does not become public until the landowner "clearly acts to so dedicate it and the public entity accepts the dedication." *Tonsager v. Laqua*, 2008 S.D. 54, ¶ 9, 753 N.W.2d 394, 397. Here, they claim no clear act to dedicate nor an acceptance of the dedication occurred. They argue that, under SDCL 11-3-12, the plat map conveyed to them fee simple title to Caster's Road. Garber and Dakotaraptor respond that Caster's Road is a platted road dedicated to public use. SDCL 11-3-8, they contend, requires plats to include road dedications to adjacent unplatted properties and, at the time of Bayview's approval, Caster's Road was the only access to Garber's and Dakotaraptor's then unplatted properties. They further advance that, although the Commission required developers to use the word "private," Caster's Road is accessible to the public because the word "private" only designates who is to maintain the road.[4] They also note that words or acts can establish a road's dedication. Based on

---

4. The Nelsons argue that Roberts County did not need to designate the road as private because, under SDCL 11-3-12, a governing body is not required to maintain a plat's roads. The statutory amendment adding this provision occurred after the approval of Caster's Subdivision but before the approval of Bayview. While this is true, this statute does not overcome the evidence establishing the developer's intent to dedicate Caster's Road to the public.

Moen's and Holton's affidavits, they claim the developer intended to dedicate the road to the public.[5]

[¶24.] The dedication of a road may be express or implied. *Bergin v. Bistodeau*, 2002 S.D. 53, ¶ 17, 645 N.W.2d 252, 256. "A dedication is express when the [dedicator's] intent is manifested by oral or written words, and is implied when the intent must be gathered from the acts of the dedicator." *Id.* (citation omitted). SDCL 11-3-12 sets forth the requirements and effects of dedicating land to the public through a plat:

> When the plat or map shall have been made out . . . every donation or grant to the public . . . marked or noted as such on such plat or map, shall be deemed a sufficient conveyance to vest the fee simple title of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets . . . shall be held in trust to and for the uses and purposes expressed or intended. No governing body shall be required to open, improve, or maintain any such dedicated streets, alleys, ways, commons, or other public ground solely by virtue of having approved a plat or having partially accepted any such dedication, donation or grant.

Here, neither Bayview's plat map nor its proprietor's certificate included express language of dedication.

---

5. The Nelsons argue that Moen's and Holton's affidavits are irrelevant and speculative as neither were on the Roberts County Planning and Zoning Committee until after the approval of Bayview. However, the circuit court clearly concluded otherwise. We agree. Their affidavits provide insight into the Commission's approval process, and Holton, on behalf of the County Planning and Zoning Commission, approved Bayview's plat.

[¶25.]     We must then determine whether the owner's actions impliedly established an intent to dedicate Caster's Road to public use. A dedication "is implied where it arises by operation of law from the owner's conduct and the facts and circumstances of the case." *Tinaglia*, 257 N.W.2d at 729 (citation omitted). An implied "[d]edication is premised on the doctrine of equitable estoppel." *Niemi v. Fredlund Twp.*, 2015 S.D. 62, ¶ 32, 867 N.W.2d 725, 733.

> This is because when an owner's actions or conduct have been acted upon by the public and the Township, testimony that dedication was not intended will not be permitted to prevail against unequivocal acts and conduct on the part of the owner inconsistent with such intent, and upon which the public had a right to rely.

*Id.* (citation omitted) (internal quotation marks omitted). Here, the circumstances surrounding Caster's Road confirm that it was dedicated to public use.

[¶26.]     First, while "mere use by the public" of a road shall not establish a public highway (SDCL 31-3-2), "the use of such land by the public as a street, with the knowledge of, and without objection by, the owner of the fee for a number of years, is *evidence* of such dedication[.]" *Smith v. Sponheim*, 399 N.W.2d 899, 901 (S.D. 1987) (emphasis added) (citation omitted). Since Caster's Road's inception, the public (including emergency personnel, trash removal services, guests, and the parties to this action) has regularly used the road to access lots both inside and outside Bayview. The Nelsons appear to be the first individuals to dispute the public's access to the road in the almost forty years the road has existed. Additionally, the prior owners of Dakotaraptor's property were permitted to attach their circle driveway to the end of Caster's Road and use the road as access to their property for over twenty years. *See id.* at 902 (holding landowner impliedly

dedicated a road to the public because, among other evidence, for over forty years, residents of the area, their guests, and the public used the road and county approved a new subdivision whose only access was the disputed road).

[¶27.]     Further, the affidavits of Moen and Holton shed light on the developer's intent.  As their affidavits stated, the governing body required developments located along Big Stone Lake to designate platted roads as private.  As they noted, this designation was not to limit the public's access but rather to assign road maintenance responsibility.  They also both confirmed that the governing body would not approve a plat without the developer providing road access to its lots.  Holton approved the Bayview plat and stated that Caster's Road was its only access.  Moen approved the Bay Ridge plat and stated that its only platted access was Caster's Road.

[¶28.]     The subdivisions approved both before and after Bayview further illuminate the developer's intention.  First, the document attached to Caster's Subdivision "dedicated" Caster's Road to private use (with the term "private" inserted over a strikethrough of the original term in the typewritten document).  By its very nature, "dedication" is "[t]o appropriate and set apart one's private property to some public use; as to make a private way public by acts evincing an intention to do so." *Selway Homeowners Ass'n,* 2003 S.D. 11, ¶ 21, 657 N.W.2d at 313 (alteration in original) (citation omitted).  "It is a devotion of property to a public use[.]" *Niemi,* 2015 S.D. 62, ¶ 31, 867 N.W.2d at 733 (citation omitted) (internal quotation marks omitted).  It is incongruous to "dedicate" a road to private use.  Moen's and Holton's affidavits explain this anomaly by stating that the Commission used the word

"private" for maintenance purposes only. They claimed the road was intended for public use. Like Caster's Subdivision, while Bayview's plat lists Caster's Road as a "Private Roadway[,]" the developer's intent was to designate Caster's Road to public use. This point is further solidified when examining the Bayview plat against the adjacent subdivision of Bay Ridge. Bay Ridge's only platted access is the disputed section of Caster's Road. The Commission would not have approved the Bay Ridge plat if its lots had no access road.

[¶29.]     SDCL 11-3-8 provides further guidance as to the developer's intent. It states, county commissioners "shall by resolution, approve the plat . . . if it appears . . . that adequate provision is made for access to adjacent unplatted lands by public dedication or section line when physically accessible[.]" SDCL 11-3-8 (1979). The Bayview plat map was required to provide access to the then unplatted lands owned by Garber and Dakotaraptor. This statute supports that Caster's Road was dedicated to public use.

[¶30.]     "It is settled law in this state that conduct on the part of an owner clearly expressive of an intention to dedicate usually amounts to a dedication if acted upon by the public in a manner which clearly justifies the inference of acceptance." *City of Sioux Falls v. Murray*, 470 N.W.2d 619, 620 (S.D. 1991). The circumstances surrounding Caster's Road establish that its owners intended to dedicate it to public use. Because "[w]e have adopted the rule that acceptance of a dedication may be shown through use[,]" the public's use of the road for almost forty years and the Bay Ridge subdivision's utilization of the road establishes

acceptance.[6] *Haley*, 269 N.W.2d at 400; *see Edmunds v. Plianos*, 74 S.D. 260, 51 N.W.2d 701 (1952) (holding owner of platted road impliedly dedicated road to the public due to public's use, public's reliance on access, and public services' use of road; and public accepted road through use and maintenance).

[¶31.] The circuit court did not err by ruling that Caster's Road is "a public road that is not maintained by any township or county, and such road is available for use."

> 3. ***Whether the circuit court erred by holding that the Nelsons hold no right to control who drives on Caster's Road.***

[¶32.] The Nelsons argue that the circuit court erred by holding that they hold no right to exclude individuals from using Caster's Road. By definition, "[t]he right-of-way is public if everyone who desires may lawfully use the right-of-way." *Frawley Ranches, Inc. v. Lasher*, 270 N.W.2d 366, 369 (S.D. 1978). Because Caster's Road is a public roadway, the Nelsons hold no right to control who drives on it.

## Conclusion

[¶33.] Caster's Road is "a public road that is not maintained by any township or county, and such road is available for use[.]" We affirm the circuit court.

[¶34.] JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.

---

6. Our holding today does not require the County or Township to maintain Caster's Road. *See* SDCL 11-3-12 (approval of a plat does not require governing body to "open, improve, or maintain" dedicated streets).